■ In the Matter of BROWN & WILLIAMSON TOBACCO CORPORATION, Appellant, v JEFFREY S. WIGAND, Defendant. CBS, INC., et al., Nonparty Respondents. [643 NYS2d 92]

Plaintiff Brown and Williamson Tobacco Corporation ("B&W") has failed to overcome the qualified protection enjoyed by deponents-respondents concerning their newsgathering activities. The outtakes and unpublished materials sought by B&W, at least those dealing with the preparation and eventual broadcast of the CBS "60 Minutes" interview, relate directly to the allegation in the underlying Kentucky action that "[s]ince his termination from B&W, defendant Wigand has provided both in writing and orally, documents, materials and information acquired by him during and as a result of his employment with B&W to CBS television's '60 Minutes' program", and thus, they are "highly material and relevant" (Civil Rights Law § 79-h [c] [i]). Nevertheless, B&W has not established that the items sought are "critical or necessary" to the maintenance of the underlying action Civil Rights Law § 79-h [c] [ii]). As the motion court noted, B&W already has "ample proof" of the breach of confidentiality agreements in the publicly available tapes of the interview actually broadcast.

B&W contends that it needs further documents from CBS to establish the full measure of damages that Wigand has caused B&W. However, such a vague assertion cannot establish the "critical or necessary" nature of any of the documents.

Accordingly, we need not reach the issue of whether B&W has met the third prong of the test under section 79-h (c) (iii), namely that the unpublished information "is not obtainable from any alternative source" simply because that source is Wigand himself, B&W's adversary in the Kentucky litigation, and is, in the assessment of B&W, "totally lacking in credibility".

We have considered B&W's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Wallach, Williams and Mazzarelli, JJ.