■ In the Matter of CBS INC., Respondent. DENNIS C. VACCO, as Attorney-General of the State of New York, Appellant. [648 NYS2d 443] —Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered April 27, 1995, which granted petitioner's motion to quash an investigative subpoena served on it by appellant Office of Professional Discipline (OPD), and

denied appellant's cross motion to enforce the subpoena, unanimously affirmed, without costs.

The subpoena issued by the Office of Professional Discipline, requesting the unpublished portions of a CBS videotape created during CBS's undercover investigation of a pharmacist allegedly dispensing drugs without proper prescriptions, as well as the identity of the CBS undercover employees, was properly quashed. Under Civil Rights Law § 79-h, known as the Shield Law, a qualified privilege exists as to nonconfidential materials obtained by journalists during newsgathering, which may be overcome only if the party seeking disclosure makes a clear and specific showing that the three-pronged test of the statute has been met. Even assuming the first two prongs (requiring that the material be "highly material and relevant" and "critical or necessary" to the party's claim [§ 79-h (c) (i), (ii)]) had been met, the IAS Court's determination that OPD had failed to satisfy the third prong, *i.e.*, that the information was unobtainable from other sources, was correct (*see, In re Petroleum Prods. Antitrust Litig.*, 680 F2d 5, 8-9 [2d Cir 1982], *cert denied sub nom. Arizona v McGraw-Hill, Inc.*, 459 US 909). Plainly, OPD made no efforts to identify the potential witnesses who were in the pharmacy on the date in question, nor made any other investigative efforts to obtain evidence to substantiate the anticipated professional misconduct charges against the pharmacist. Notwithstanding OPD's excuses offered to the contrary, no clear and specific showing has been made that the relevant information was unavailable elsewhere (*see, In re Application to Quash Subpoena to Natl. Broadcasting Co.*, 79 F3d 346, 353 [2d Cir 1996]).

OPD's reliance on the Supreme Court's decision in *Branzburg v Hayes* (408 US 665) is misplaced, as that case simply held that reporters, like all other citizens, must testify in response to valid Grand Jury subpoenas (*supra*, at 690). The quasi-criminal nature of the professional misconduct proceedings here does not qualify for the same special treatment (*see, In re Petroleum Prods. Antitrust Litig., supra*, at 9), and in any event, the Shield Law expressly applies to both civil and criminal proceedings. Nor, as OPD suggests, is the Shield Law inapplicable where the journalist actually observes criminal conduct (*Matter of Beach v Shanley*, 62 NY2d 241). Concur—Milonas, J. P., Wallach, Kupferman, Tom and Andrias, JJ.