■ LAWRENCE P. FLYNN, Appellant, v NYP HOLDINGS, INC., et al., Respondents, et al., Defendants. [652 NYS2d 833] —Peters,

J. Appeal from an order of the Supreme Court (Ferradino, J.), entered June 24, 1996 in Saratoga County, which denied plaintiff's motion to compel disclosure.

We agree with Supreme Court that plaintiff failed to overcome the qualified protection afforded defendants NYP Holdings, Inc. and Cathy Burke (hereinafter collectively referred to as defendants) by New York's Shield Law (Civil Rights Law § 79-h [c]) concerning their newsgathering activities. Plaintiff commenced this action alleging that he was defamed by an article written by Burke in the *New York Post* on November 12, 1993. The article reported on an investigation by the State Ethics Commission into claims that plaintiff, while Adjutant General of the State Division of Military Affairs, had accepted free tickets to an antique show at the Park Avenue Armory in New York City. The Armory was under plaintiff's military authority (*see generally*, *Matter of Flynn v State Ethics Commn.*, 87 NY2d 199).

Defendants answered and discovery between the parties ensued. As part of his discovery request, plaintiff sought "[a]ll documents relating to any news article mentioning plaintiff, including but not limited to copies of such news articles, research files [and] reporter's notes". Defendants produced prior newspaper clippings, contending that they were the only documents that Burke relied on in preparing the article and that any research files were protected by the Shield Law. Supreme Court agreed with defendants and denied plaintiff's motion to compel disclosure.

As Supreme Court noted, if the requested documents were deemed confidential, defendants would be afforded unqualified protection from having to divulge such sources or materials (*see*, Civil Rights Law § 79-h [b]; *Matter of Knight-Ridder Broadcasting v Greenberg*, 70 NY2d 151). We also agree with the court that to the extent that plaintiff was seeking nonconfidential material, he failed to satisfy the tripartite test set forth in Civil Rights Law § 79-h (c) (*see*, *O'Neill v Oakgrove Constr.*, 71 NY2d 521). Even accepting that the documents were "highly material and relevant", plaintiff failed to establish that they were "critical or necessary" to the maintenance of the underlying action (Civil Rights Law § 79-h [c] [i], [ii]). To satisfy this latter requirement, plaintiff cannot merely show that the materials were useful. He must convince the court that the claim " 'virtually rises or falls with the admission or exclusion of the proffered evidence' " (*Matter of Application to Quash Subpoena to National Broadcasting Co.*, 79 F3d 346, 351, quoting *United States v Marcos*, 1990 WL 74521, 3 [SD NY, June 1, 1990, Keenan, J.]).

Here, plaintiff simply stated that the materials were "critical" to his claim without setting forth any analysis in support thereof (*see*, *Matter of Brown & Williamson Tobacco Corp. v Wigand*, 228 AD2d 187). Moreover, plaintiff failed to satisfy the third prong of the test which requires a showing that the unpublished information was not obtainable from any other source. Other than stating that the materials are not otherwise available, plaintiff has not detailed any efforts made to obtain the requested documents or the information contained therein (*see*, *Matter of Forbes Mag.*, 494 F Supp 780).

Given plaintiff's failure to satisfy the requirements of the Shield Law, we find no error in Supreme Court's refusal to conduct an in camera inspection of the documents before denying plaintiff's motion. As the Court of Appeals has stressed, when newsgathering materials are sought, the court's inquiry must go beyond the general considerations typically relevant to discovery matters (*see*, *O'Neill v Oakgrove Constr.*, 71 NY2d 521, *supra*; *see also*, CPLR 3101). The tripartite test of Civil Rights Law § 79-h (c) is "more demanding than the requirements of CPLR 3101 (a)" and the "ability of the press freely to collect and edit news, unhampered by repeated demands for its resource materials, requires more protection than that afforded by [CPLR 3101]" (*O'Neill v Oakgrove Constr.*, *supra*, at 526).

Plaintiff's remaining arguments have been reviewed and rejected as unpersuasive.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.