■ In the Matter of PAUL PERITO, Appellant, v KATHERINE EBAN FINKLESTEIN, Respondent. [856 NYS2d 677]—

In a proceeding pursuant to CPLR 3102 (e) to obtain disclosure for an action pending in another jurisdiction, the petitioner appeals from so much of an order of the Supreme Court, Kings County (Saitta, J.), dated January 30, 2007, as granted the petition only to the extent of directing the respondent to answer interrogatories for the limited purpose of confirming information already published in a book entitled Dangerous Doses: How Counterfeiters Are Contaminating America's Drug Supply.

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioner in this proceeding is the defendant in a criminal action pending in the state of Florida, in which he was charged with multiple crimes arising from the alleged sale of counterfeit medicine. The respondent wrote a book entitled Dangerous Doses: How Counterfeiters Are Contaminating America's Drug Supply, which described an investigation conducted by Florida law enforcement officials that resulted in the arrest of several individuals, including the petitioner.

The petitioner served a subpoena ad testificandum and a subpoena duces tecum upon the respondent commanding her appearance for a deposition and requiring the production of any and all documents related to her preparation of the book that

were furnished to her by law enforcement officials. The respondent moved to quash the subpoenas, asserting, inter alia, that the petitioner did not establish his entitlement to the information sought under the three-pronged test set forth in Civil Rights Law § 79-h (c), commonly known as the Shield Law. The Supreme Court directed the respondent to answer interrogatories for the limited purpose of confirming information already published in the book.

Contrary to the petitioner's contention, he failed to satisfy the tripartite test set forth in Civil Rights Law § 79-h (c). Even accepting that the information sought was "highly material and relevant," the petitioner failed to establish that the information was "critical or necessary" to his defense in the pending criminal action (Civil Rights Law § 79-h [c] [i], [ii]). In order to show that information sought is "critical or necessary," a petitioner cannot merely show that it would be useful, but rather that the defense could not be presented without it (*see Flynn v NYP Holdings*, 235 AD2d 907, 908 [1997]; *In re Application to Quash Subpoena to National Broadcasting Co.*, 79 F3d 346, 351 [1996]). The petitioner failed to make the required showing based on his vague assertions that the information sought might impact on the credibility of witnesses in the impending trial (*see Matter of Brown & Williamson Tobacco Corp. v Wigand*, 228 AD2d 187 [1996]; *Matter of American Broadcasting Cos.*, 189 Misc 2d 805, 808 [2001]; *People v Troiano*, 127 Misc 2d 738, 742 [1985]). Moreover, the petitioner failed to demonstrate that the information sought was not obtainable from another source (*see Matter of CBS Inc. [Vacco]*, 232 AD2d 291, 292 [1996]).

Accordingly, the Supreme Court properly held that the nonconfidential information requested by the petitioner was protected by a qualified privilege, and properly limited his inquiry to confirming information already published in the book.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Skelos, Santucci and Belen, JJ., concur.