Anthony v Haas (2025 NY Slip Op 06576)

Anthony v Haas

2025 NY Slip Op 06576

Decided on November 26, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 26, 2025

CV-24-1707
[*1]Marc Anthony, Respondent,
v
Jeffrey Haas, as Supervisor of the Town of Highland, et al., Defendants. Joseph Abraham, Appellant.

Calendar Date:October 16, 2025

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ.

Cornell Law School First Amendment Clinic, Ithaca (Michael Linhorst of counsel), for appellant.
Stacey Van Malden, Bronx (Renee M. Wong of Goldberger & Dubin, PC, New York City, of counsel), for respondent.

Aarons, J.P.
Appeal from an order of the Supreme Court (Stephan Schick, J.), entered September 11, 2024 in Sullivan County, which, among other things, denied Joseph Abraham's motion to quash plaintiff's subpoena.
In April 2022, the Town of Highland suspended all of the members of its constabulary, including plaintiff. Four months later, in August 2022, the Sullivan County Democrat, a local newspaper, published an article based upon an unredacted copy of a report authored by the constabulary committee of defendant Town Board of the Town of Highland and delivered to the newspaper by an anonymous source. The article describes certain allegations of misconduct against plaintiff as "substantiated" and states that the Department of Criminal Justice Services had confirmed that plaintiff had no record of handgun training. The article states that the "[T]own has confirmed the contents of the report" but does not name that Town source.
Plaintiff thereafter commenced this action asserting several claims, including one for defamation against defendant Kaitlin Haas, one of the members of the Town Board's constabulary committee. Motion practice resulted in an amended complaint alleging that Haas provided the report to the newspaper, which resulted in the publication of the above-described defamatory statements causing plaintiff reputational and other injuries. Following joinder of issue, plaintiff served a subpoena upon nonparty Joseph Abraham, the managing editor of the newspaper. The subpoena demanded Abraham's appearance at a deposition and the production of any documents in his possession that refer to plaintiff, the Town's constabulary, or the article, "including but not limited to notes, and texts with . . . Haas." Abraham moved to quash the subpoena, asserting that Civil Rights Law § 79-h, commonly known as the Shield Law, protected the sought-after information from compelled disclosure. Plaintiff opposed Abraham's motion, a virtual hearing ensued and Supreme Court denied the motion in an oral ruling. The court's ruling was reduced to a one-page order supported by a hearing transcript, from which Abraham appeals. We reverse.
The Shield Law codifies this state's "consistent tradition . . . of providing the broadest possible protection to the sensitive role of gathering and disseminating news of public events" (Matter of Holmes v Winter, 22 NY3d 300, 308 [2013] [internal quotation marks and citations omitted], cert denied 572 US 1135 [2014]). To that end, the Shield Law affords a professional journalist or newscaster an absolute privilege against compelled disclosure of confidential information and a qualified privilege as to unpublished and nonconfidential information (see Guice-Mills v Forbes, 12 Misc 3d 852, 854 [Sup Ct, NY County 2006]).[FN1] A journalist waives either privilege if the journalist "voluntarily discloses or consents to disclosure of the specific information sought to be disclosed to any person not otherwise entitled to claim the exemptions provided by[*2]" the Shield Law (Civil Rights Law § 79-h [g]).
According to plaintiff, he seeks "only to learn [from Abraham] the name of the 'unnamed' Town source that confirmed [the] report."[FN2] As there is no assertion that the Town source was promised confidentiality, the identity of the Town source is unpublished, nonconfidential news that is presumptively protected from disclosure by the Shield Law's qualified privilege (see Matter of Gilson v Coburn, 106 AD3d 424, 424 [1st Dept 2013], lv denied 21 NY3d 863 [2013]; Flynn v NYP Holdings, 235 AD2d 907, 908 [3d Dept 1997]). To overcome the qualified privilege, the person seeking disclosure must make a "clear and specific showing that the [information sought]: (i) is highly material and relevant; (ii) is critical or necessary to the maintenance of a party's claim, defense or proof of an issue material thereto; and (iii) is not obtainable from any alternative source" (Civil Rights Law § 79-h [c]; see O'Neill v Oakgrove Constr., 71 NY2d 521, 527 [1988]). Disclosure may only be ordered when "the above-described showing has been made," and the court "shall support such order with clear and specific findings made after a hearing" (Civil Rights Law § 79-h [c]).
On that last point, we agree with Abraham that Supreme Court abused its discretion by denying Abraham's motion without making the findings mandated by Civil Rights Law § 79-h (c). According to the order, the court denied Abraham's motion "for the reasons set forth on the record at the close of . . . oral argument." Yet, at the close of oral argument, the court simply stated that it "disagree[d] with [Abraham]," "agree[d] with [plaintiff]," and that plaintiff had met all three prongs to overcome the qualified privilege set forth in Civil Rights Law § 79-h (c) as to all of the information sought in the subpoena. Notwithstanding the court's failure, however, the record is sufficiently developed to permit us to exercise our authority to make the required determinations (cf. People v Palmer, 20 NY3d 373, 380 [2013]; Matter of Kathleen K. v Daniel L., 177 AD3d 1130, 1132 [3d Dept 2019]; see generally CPLR 5501 [c]).
Plaintiff failed to carry his burden to overcome the qualified privilege. Because plaintiff's defamation claim is solely against Haas, the only information that could possibly meet the "highly . . . relevant" and "critical or necessary" prongs is whether or not Haas is the Town source; otherwise, the identity of the Town source is irrelevant and unnecessary to maintain plaintiff's action against Haas (Civil Rights Law § 79-h [c]). Even assuming those first two prongs are met, plaintiff cannot show that the information is unavailable from another source (see Matter of Gilson v Coburn, 106 AD3d at 424; Matter of CBS Inc. [Vacco], 232 AD2d 291, 292 [1st Dept 1996]). According to plaintiff, Haas has already denied that she is the Town source. That Haas' denial is self-serving in the context of this defamation action does not render the sought-after information [*3]unavailable from her (cf. Matter of Canning v Revoir, 220 AD3d 16, 23 [3d Dept 2023] ["unobtainability cannot be self-created"]). Further, the press release indicating that no one at the Town publicly released the report details before October 2023 does not foreclose the possibility that someone else at the Town knows whether Haas is the Town source. Besides deposing two other Town Board members, plaintiff has not detailed his efforts to seek the information from those other potential witnesses at the Town (see id.).
Contrary to plaintiff's further contention, the record does not establish that Abraham waived the protections of the Shield Law (see Civil Rights Law § 79-h [g]). Although Abraham text messaged Haas stating that it would be "fine" for Haas to give his phone number to her attorney, plaintiff supplied no evidence from which to find that Abraham disclosed to the attorney the identity of the Town source or consented to disclosure of that information (compare Guice-Mills v Forbes, 12 Misc 3d at 854).
Given plaintiff's concession that he seeks only information related to the Town source, plus our conclusion that plaintiff has not made a "clear and specific showing" to overcome the qualified privilege shielding Abraham from disclosing that information (Civil Rights Law § 79-h [c]), the subpoena is quashed in its entirety.[FN3] We therefore need not reach Abraham's remaining contentions (see Matter of Perito v Finklestein, 51 AD3d 674, 675 [2d Dept 2008]).
Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the order is reversed, with costs, and motion to quash plaintiff's subpoena granted.

Footnotes

Footnote 1: As managing editor of the newspaper, Abraham may invoke the Shield Law despite not authoring the article himself (see Civil Rights Law § 79-h [f]).

Footnote 2: This theory of causation differs slightly from the one pleaded, which was that Haas provided the report to the newspaper.

Footnote 3: Plaintiff's contention that only two of the 12 deposition questions proposed for Abraham would be covered by the qualified privilege is unpreserved for review (see O'Neill v Oakgrove Constr., 71 NY2d at 530). Instead, plaintiff's attorney affirmed to Supreme Court that the list of questions "would reveal the name of the Town [s]ource, and nothing more."