OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, without costs
 
 (see, Horowitz Bros. & Margareten v Margareten,
 
 64 NY2d 1008, 1010), the Attorney-General’s motion for a preliminary injunction denied, and the certified question answered in the negative.
 

 This action by the Attorney-General seeking permanent injunctive relief under the Martin Act (General Business Law art 23-A) charges defendants with various acts of fraud in connection with the cooperative conversion of two Manhattan loft buildings during 1979. In September 1986, Supreme Court ordered immediate trial of the action and, pending entry of final judgment, preliminarily enjoined defendants from engaging in or attempting to engage in any business relating to the purchase and sale of securities to the public within or from the State, and from violating the provisions of the Martin Act. A divided Appellate Division affirmed, the majority concluding that the Attorney-General had satisfied not only his diminished burden under the Martin Act for a preliminary injunction (by showing prima facie that defendants’ actions fell within the purview of the act) but also the higher standard under CPLR article 63 (in that material facts were undisclosed). The dissenters disputed the application of a diminished standard, as well as the majority’s conclusion that there were in fact any material omissions. Since November 1986, and upon certain notification conditions, the preliminary injunction ordered by Supreme Court has been stayed.
 

 The Appellate Division dissent is correct that a preliminary injunction under the Martin Act, as under CPLR article 63, should be granted only upon a showing of a likelihood of success on the merits, irreparable injury if the relief is not
 
 *969
 
 granted, and a balancing of the equities
 
 (Grant Co. v Srogi,
 
 52 NY2d 496, 517). The Legislature made plain in the Martin Act that "[t]he provisions of the civil practice law and rules shall apply to all actions brought under this article except as herein otherwise provided” (General Business Law § 357), and it specified no other standard for preliminary injunction motions
 
 (cf.,
 
 General Business Law § 354;
 
 Matter of Ottinger v State Civ. Serv. Commn.,
 
 240 NY 435, 439).
 

 Inasmuch as the Martin Act has a broad remedial purpose to protect the public interest, it may present its own special considerations in determining what is irreparable injury and in balancing equities. The record here, however, does not call upon us to spell out what the Attorney-General must show to satisfy those prerequisites for preliminary injunctive relief, because there was no showing of either element, which is dispositive of the case before us.
 

 The need for the injunctive relief that was granted here rested on conclusory assertions that defendants had committed repeated fraudulent practices in connection with two prior cooperative conversions and that the public had been and would be irreparably harmed. Other assertions were made solely on information and belief. The Appellate Division gave no consideration to the necessary discretionary elements for preliminary injunctions; its sole focus, as limited by the Attorney-General’s proof, was simply on whether there were omissions in connection with defendants’ two past cooperative conversions. Thus, the majority erred.
 

 Resolution of the preliminary injunction issue leaves in place Supreme Court’s direction that there should be an immediate trial of this action, and we need not reach the additional grounds of error urged by defendants.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order reversed, without costs, plaintiff’s motion for a preliminary injunction denied, and certified question answered in the negative in a memorandum.