[994 NE2d 838, 971 NYS2d 747]

THE PEOPLE OF THE STATE OF NEW YORK, by ANDREW M. CUOMO, Attorney General of the State of New York, Respondent, v MAURICE R. GREENBERG et al., Appellants.

Argued May 28, 2013; decided June 25, 2013

## POINTS OF COUNSEL

*Boies, Schiller & Flexner LLP*, Armonk (*David Boies* of counsel), and *Boies, Schiller & Flexner LLP*, New York City (*Nicholas A. Gravante, Jr.* and *Robert J. Dwyer* of counsel), *Skadden, Arps, Slate, Meagher & Flom LLP* (*John L. Gardiner* of counsel), *Charles Fried*, of the Massachusetts bar, admitted pro hac vice, of counsel, *Kaye Scholer LLP* (*Vincent A. Sama* and *Catherine B. Schumacher* of counsel) and *Andrew M. Lawler, P.C.* (*Andrew M. Lawler* of counsel), for appellants. I. The Attorney General of the State of New York lacks standing and authority to pursue this action under the Martin Act and the Executive Law seeking to recover monetary damages on behalf of a class of private shareholders and its efforts to do so here also conflict with, and are preempted by, the federal laws governing nationally traded securities. (*United States v Ferguson*, 676 F3d 260; *Matter of Graziano v County of Albany*, 3 NY3d 475; *Central States Southeast & Southwest Areas Health & Welfare Fund v Merck-Medco Managed Care, L.L.C.*, 433 F3d 181; *People v Grasso*, 54 AD3d 180; *People v Lowe*, 117 NY 175; *Community Bd. 7 of Borough of Manhattan v Schaffer*, 84 NY2d 148; *People of State of New York by Abrams v Seneci*, 817 F2d 1015; *Matter of State of New York v New York City Conciliation & Appeals Bd.*, 123 Misc 2d 47; *Alfred L. Snapp & Son, Inc. v Puerto Rico ex rel. Barez*, 458 US 592.) II. The courts below improperly denied appellants' motions for summary judgment with respect to the General Reinsurance Corporation transaction by relying on irremediable hearsay evidence. (*Alvarez v Prospect Hosp.*, 68 NY2d 320; *IDX Capital, LLC v Phoenix Partners Group LLC*, 19 NY3d 850; *Verizon N.Y., Inc. v Garvin*, 13 NY3d 851; *Zuckerman v City of New York*, 49 NY2d 557; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065; *DiGiantomasso v City of New York*, 55 AD3d 502; *Matter of New York City Asbestos Litig.*, 7 AD3d 285; *Presbyterian Church Of Sudan v Talisman Energy, Inc.*, 582 F3d 244; *Raskin v Wyatt Co.*, 125 F3d 55; *LaSalle Bank N.A. v Nomura Asset Capital Corp.*, 424 F3d 195.)

*Eric T. Schneiderman, Attorney General*, New York City (*Barbara D. Underwood, Richard Dearing, Won S. Shin* and *David Ellenhorn* of counsel), for respondent. I. The Martin Act and Executive Law § 63 (12) expressly grant the Attorney General authority to maintain civil enforcement actions to prevent, remedy, and deter fraud. (*Alfred L. Snapp & Son, Inc. v Puerto Rico ex rel. Barez*, 458 US 592; *State of New York v Cortelle Corp.*, 38

NY2d 83; *People v Grasso*, 54 AD3d 180, 11 NY3d 64; *Commonwealth of Pennsylvania v Mid-Atlantic Toyota Distribs., Inc.*, 704 F2d 125; *People v Coventry First LLC*, 52 AD3d 345, 13 NY3d 108; *State of New York v McLeod*, 12 Misc 3d 1157[A], 2006 NY Slip Op 50942[U]; *State of Alaska v United States Dept. of Transp.*, 868 F2d 441; *Kerusa Co. LLC v W10Z/515 Real Estate Ltd. Partnership*, 12 NY3d 236; *Assured Guar. [UK] Ltd. v J.P. Morgan Inv. Mgt. Inc.*, 18 NY3d 341; *People v Bunge Corp.*, 25 NY2d 91.) II. Federal securities law does not preempt this action under the Martin Act and Executive Law § 63 (12). (*Wyeth v Levine*, 555 US 555; *Medtronic, Inc. v Lohr*, 518 US 470; *Matter of People v Applied Card Sys., Inc.*, 11 NY3d 105; *Lee v Astoria Generating Co., L.P.*, 13 NY3d 382; *Planned Consumer Mktg. v Coats & Clark*, 71 NY2d 442; *Matter of Disney Enters., Inc. v Tax Appeals Trib. of State of N.Y.*, 10 NY3d 392; *Cipollone v Liggett Group, Inc.*, 505 US 504; *Hall v Geiger-Jones Co.*, 242 US 539; *Leroy v Great Western United Corp.*, 443 US 173; *Bluebird Partners v First Fid. Bank*, 297 AD2d 223.) III. Overwhelming evidence precludes the grant of summary judgment to defendants on the General Reinsurance Corporation fraud. (*Jacqueline S. v City of New York*, 81 NY2d 288; *Mastroianni v County of Suffolk*, 91 NY2d 198; *People v Apple Health & Sports Clubs*, 80 NY2d 803; *Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31; *People v Sala*, 258 AD2d 182, 95 NY2d 254; *Ernst & Ernst v Hochfelder*, 425 US 185; *Gaidon v Guardian Life Ins. Co. of Am.*, 94 NY2d 330; *People v Federated Radio Corp.*, 244 NY 33; *In re Scholastic Corp. Sec. Litig.*, 252 F3d 63; *Novak v Kasaks*, 216 F3d 300.)

*James J. Park,* Brooklyn, amicus curiae. I. The Attorney General is not a private class action attorney. (*Kardon v National Gypsum Co.*, 69 F Supp 512; *Superintendent of Ins. of N.Y. v Bankers Life & Casualty Co.*, 404 US 6; *Central Bank of Denver, N. A. v First Interstate Bank of Denver, N. A.*, 511 US 164; *Stoneridge Investment Partners, LLC v Scientific-Atlanta, Inc.*, 552 US 148.) II. The Attorney General plays an important role in deterring securities fraud.

*Kate Stith,* of the Connecticut bar, admitted pro hac vice, amicus curiae. I. This Court's decisions allow the use of inadmissible evidence to oppose summary judgment only when the party has "demonstrat[ed an] acceptable excuse." (*Hyman v Queens County Bancorp, Inc.*, 3 NY3d 743; *IDX Capital, LLC v Phoenix Partners Group LLC*, 19 NY3d 850; *Alvarez v Prospect Hosp.*, 68 NY2d 320; *Brill v City of New York*, 2 NY3d 648; *Zuckerman v*

*City of New York*, 49 NY2d 557; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157; *Chemical Bank v PIC Motors Corp.*, 58 NY2d 1023; *Indig v Finkelstein*, 23 NY2d 728; *Egleston v Kalamarides*, 58 NY2d 682.) II. The rule followed by the court below conflicts with this Court's decisions and the decisions of every other jurisdiction in the country. (*Matter of New York City Asbestos Litig.*, 7 AD3d 285; *Zuckerman v City of New York*, 49 NY2d 557; *Brill v City of New York*, 2 NY3d 648.) III. Other lower court decisions repeating the rule applied by the court below result from a misunderstanding of this Court's holdings. (*Phillips v Kantor & Co.*, 31 NY2d 307; *Horowitz v Kevah Konner, Inc.*, 67 AD2d 38; *Freedman v Chemical Constr. Corp.*, 43 NY2d 260; *Kwong On Bank, Ltd. v Monrose Knitwear Corp.*, 74 AD2d 768; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065; *Wertheimer v New York Prop. Ins. Underwriting Assn.*, 85 AD2d 540; *Zuilkowski v Sentry Ins.*, 114 AD2d 453; *Guzman v Strab Constr. Corp.*, 228 AD2d 645; *Callari v Pellitieri*, 130 AD2d 935; *Sunfirst Fed. Credit Union v Empire Ins. Co./All City Ins. Co.*, 239 AD2d 894.)

*Susan Ann Silverstein*, Washington, D.C. (*Michael Schuster* of counsel), for AARP, amicus curiae. I. Complex securities create considerable challenges for investors. II. The prevalence of securities fraud requires that investors have a full range of strong, flexible enforcement tools. III. Upholding state anti-fraud enforcement actions in the face of arguments asserting federal securities law preemption would place New York in line with other state and federal courts that have addressed the issue. (*Missouri ex rel. Carnahan v Stifel, Nicolaus & Co., Inc.*, 648 F Supp 2d 1095; *Zuri-Invest AG v Natwest Fin. Inc.*, 177 F Supp 2d 189.)

*Mayer Brown LLP*, Washington, D.C. (*Andrew J. Pincus, Paul W. Hughes* and *Michael B. Kimberly* of counsel), *Robin S. Conrad, Kathryn Comerford Todd, Maria Ghazal* and *Kevin Carroll*, for Chamber of Commerce of the United States of America and others, amici curiae. I. This suit endangers national uniformity with respect to securities litigation and jeopardizes investment in New York. (*Pinter v Dahl*, 486 US 622; *CTS Corp. v Dynamics Corp. of America*, 481 US 69; *Dirks v SEC*, 463 US 646; *TSC Industries, Inc. v Northway, Inc.*, 426 US 438.) II. Federal law precludes this action. (*New York SMSA Ltd. Partnership v Town of Clarkstown*, 612 F3d 97; *Altria Group, Inc. v Good*, 555 US 70; *Wachovia Bank, N.A. v Burke*, 414 F3d

305; *Romano v Kazacos*, 609 F3d 512; *Kircher v Putnam Funds Trust*, 547 US 633; *Wisconsin Cent., Ltd. v Shannon*, 539 F3d 751; *Sturge v Northwest Airlines, Inc.*, 658 F3d 832; *United States v Locke*, 529 US 89; *Merrill Lynch, Pierce, Fenner & Smith Inc. v Dabit*, 547 US 71; *Island Park, LLC v CSX Transp.*, 559 F3d 96.)

*Joseph Brady, General Counsel, North American Securities Administrators Association, Inc.*, Washington, D.C. (*Rick A. Fleming, A. Valerie Mirko* and *Joseph J. Opron, III*, of counsel), for North American Securities Administrators Association, Inc., amicus curiae. I. The authority of state securities regulators to bring enforcement actions to protect investors and maintain the integrity of the capital markets was not diminished by the National Securities Markets Improvement Act of 1996. (*CPC Intl. v McKesson Corp.*, 120 AD2d 221; *Connecticut Nat. Bank v Germain*, 503 US 249.) II. The Securities Litigation Uniform Standards Act of 1998 did not alter the role of state securities regulators or limit their ability to pursue enforcement actions. III. The New York Attorney General's action is not preempted by the National Securities Markets Improvement Act of 1996 or the Securities Litigation Uniform Standards Act of 1998. (*Zuri-Invest AG v Natwest Fin. Inc.*, 177 F Supp 2d 189; *CSX Transp., Inc. v Easterwood*, 507 US 658; *Rice v Santa Fe Elevator Corp.*, 331 US 218; *Merrill Lynch, Pierce, Fenner & Smith Inc. v Dabit*, 547 US 71; *EEOC v Waffle House, Inc.*, 534 US 279; *Cipollone v Liggett Group, Inc.*, 505 US 504; *Rousseff v Dean Witter & Co., Inc.*, 453 F Supp 774; *Stoneridge Investment Partners, LLC v Scientific-Atlanta, Inc.*, 552 US 148.)

*O'Melveny & Myers LLP*, Washington, D.C. (*Walter Dellinger* and *Deanna Rice* of counsel), and *O'Melveny & Myers LLP*, New York City (*Andrew J. Frackman* and *Anton Metlitsky* of counsel), for former state and federal governmental officials, amicus curiae. I. There is an overwhelming national interest in regulating securities markets, and Congress has vindicated that interest by mandating one uniform federal standard for most securities regulation. (*Merrill Lynch, Pierce, Fenner & Smith Inc. v Dabit*, 547 US 71; *Central Bank of Denver, N. A. v First Interstate Bank of Denver, N. A.*, 511 US 164; *Blue Chip Stamps v Manor Drug Stores*, 421 US 723; *Dura Pharmaceuticals, Inc. v Broudo*, 544 US 336; *Lander v Hartford Life & Annuity Ins. Co.*, 251 F3d 101.) II. The Attorney General's use of the Martin Act in this case flies in the face of the federal securities laws established by Congress. (*Kerusa Co. LLC v W10Z/515 Real*

*Estate Ltd. Partnership*, 12 NY3d 236; *CPC Intl. v McKesson Corp.*, 70 NY2d 268; *People v Federated Radio Corp.*, 244 NY 33; *Matter of People v Applied Card Sys., Inc.*, 11 NY3d 105; *Alfred L. Snapp & Son, Inc. v Puerto Rico ex rel. Barez*, 458 US 592; *Merrill Lynch, Pierce, Fenner & Smith Inc. v Dabit*, 547 US 71; *Dura Pharmaceuticals, Inc. v Broudo*, 544 US 336; *People v Federated Radio Corp.*, 244 NY 33.) III. The Attorney General's Martin Act action for damages on behalf of a nationwide group of former American International Group, Inc. shareholders is preempted. (*Alfred L. Snapp & Son, Inc. v Puerto Rico ex rel. Barez*, 458 US 592; *Dura Pharmaceuticals, Inc. v Broudo*, 544 US 336; *People v Grasso*, 11 NY3d 64; *People of State of New York by Vacco v Operation Rescue Natl.*, 80 F3d 64; *People of State of New York by Abrams v Seneci*, 817 F2d 1015; *Stoneridge Investment Partners, LLC v Scientific-Atlanta, Inc.*, 552 US 148; *Aaron v SEC*, 446 US 680; *Lander v Hartford Life & Annuity Ins. Co.*, 251 F3d 101.) IV. Federalism supports one, uniform federal standard in the circumstances of this case. (*U.S. Term Limits, Inc. v Thornton*, 514 US 779; *Alden v Maine*, 527 US 706; *Baltimore & Ohio R. Co. v Baugh*, 149 US 368; *McCulloch v Maryland*, 17 US 316; *North American Co. v SEC*, 327 US 686; *Northern Securities Co. v United States*, 193 US 197; *Merrill Lynch, Pierce, Fenner & Smith Inc. v Dabit*, 547 US 71; *Lander v Hartford Life & Annuity Ins. Co.*, 251 F3d 101; *Bluebird Partners, L.P. v First Fid. Bank*, 896 F Supp 152; *People v Coventry First LLC*, 52 AD3d 345.)

*George Jepsen, Attorney General*, Hartford, Connecticut (*Dinah J. Bee* of counsel), and *William H. Sorrell, Attorney General*, Montpelier, Vermont, for the State of Connecticut and another, amici curiae. I. The National Securities Markets Improvement Act of 1996 does not preempt state Blue Sky laws. (*Lander v Hartford Life & Annuity Ins. Co.*, 251 F3d 101; *Medtronic, Inc. v Lohr*, 518 US 470; *Retail Clerks v Schermerhorn*, 375 US 96; *Aaron v SEC*, 446 US 680.) II. New York Attorney General's action is an enforcement action for fraud. (*Alfred L. Snapp & Son, Inc. v Puerto Rico ex rel. Barez*, 458 US 592; *Castillo v Cameron County, Tex.*, 238 F3d 339; *People of State of California v Federal Communications Commn.*, 75 F3d 1350; *Texas Off. of Pub. Util. Counsel v Federal Communications Commn.*, 183 F3d 393; *Connecticut v Moody's Corp.*, 664 F Supp 2d 196; *All Seasons Resorts v Abrams*, 68 NY2d 81; *Levin v Barry Kaye & Assoc., Inc.*, 858 F Supp 2d 914; *Hood ex rel. Miss. v Microsoft Corp.*, 428 F Supp 2d 537; *Wisconsin v Abbott Labs.*, 341 F Supp 2d 1057; *State of Maine v Data Gen. Corp.*, 697 F Supp 23.)

OPINION OF THE COURT

Smith, J.

We hold that the Attorney General's claims against two former officers of American International Group, Inc. (AIG) have sufficient support in the record to withstand summary judgment.

The Attorney General began this civil suit against AIG, Maurice Greenberg and Howard Smith in 2005. Until shortly before the suit was brought, Greenberg was the chief executive officer, and Smith the chief financial officer, of AIG. AIG has settled the case; Greenberg and Smith remain as defendants.

The Attorney General alleges that Greenberg and Smith violated section 63 (12) of the Executive Law and article 23-A of the General Business Law (the Martin Act), and committed common-law fraud. The statutes on which the Attorney General relies are broadly worded anti-fraud provisions, prohibiting among other things "repeated fraudulent or illegal acts" (Executive Law § 63 [12]), "persistent fraud or illegality" (*id.*), and "fraud, deception, concealment, suppression [or] false pretense" (General Business Law § 352-c [1] [a]). It is not disputed that the Attorney General is empowered to sue for violation of these statutes.

The gist of the Attorney General's claim, to the extent that it is now before us, is that Greenberg and Smith participated in causing AIG to enter into a sham transaction with General Reinsurance Corporation (GenRe) in which AIG purported to reinsure GenRe on certain insurance contracts. The Attorney General asserts that the transaction transferred no real risk from GenRe to AIG, and therefore should not have been treated as an insurance transaction on AIG's books; and that the transaction's sole purpose was to increase the insurance reserves shown on AIG's financial statements, thereby creating the impression of a healthy insurance business and bolstering AIG's stock price. The transaction has been the subject of a federal criminal case in which Greenberg and Smith were identified as alleged coconspirators, but were not defendants (*see United States v Ferguson*, 676 F3d 260 [2d Cir 2011]).

The course of the litigation has been long, and some issues once important have fallen by the wayside. Most recently, as a result of the settlement of a federal class action (*see In re American Intl. Group, Inc. Sec. Litig.*, 2013 WL 1499412, 2013 US Dist LEXIS 52624 [SD NY, Apr. 11, 2013, No. 04-Civ-8141

(DAB)]), the Attorney General has withdrawn his claims for damages and now seeks only equitable relief. The parties agree that, because of this development, the issue of federal preemption, discussed in the majority and dissenting opinions at the Appellate Division (*People v Greenberg*, 95 AD3d 474, 479-482, 489-492 [1st Dept 2012]), is out of the case. The Attorney General has not appealed from the Appellate Division order denying him summary judgment. And Greenberg and Smith do not challenge here the denial to them of summary judgment on a transaction not involving GenRe.

We are left with two questions to address: whether the evidence of Greenberg's and Smith's knowledge of the fraudulent nature of the AIG-GenRe transaction is sufficient to raise an issue of fact for trial; and whether, on the present record, the Attorney General is barred as a matter of law from obtaining any equitable relief. We answer yes to the first question and no to the second, and therefore affirm the Appellate Division's order denying Greenberg and Smith summary judgment.

■ We will answer the first question without a detailed discussion of the facts. Much of the relevant evidence is summarized in other decisions, including the opinion of the Court of Appeals for the Second Circuit in *United States v Ferguson*, which held, among other things, that there was sufficient evidence to support a jury finding—in a criminal case, beyond a reasonable doubt—that a fraudulent conspiracy had its inception in a telephone call from Greenberg to GenRe's chief executive officer (*see* 676 F3d 260, 289 [2011]). We have no difficulty in concluding that, in this civil case, there is evidence sufficient for trial that both Greenberg and Smith participated in a fraud. The credibility of their denials is for a fact finder to decide.

Greenberg's and Smith's remaining argument is that no basis exists for granting equitable relief. They argue, in substance, that all such relief that could possibly be awarded has already been obtained in litigation brought by the Securities and Exchange Commission (SEC), which Greenberg and Smith settled in 2009. In the settlement, without admitting or denying the allegations against them, Greenberg and Smith agreed among other things to permanent injunctions against violations of the anti-fraud provisions of the federal securities laws. The Attorney General responds that more relief could be granted in this case "including but not limited to a ban on [Greenberg's and Smith's] participation in the securities industry and a ban on serving as an officer or director of a public company."

■ We reject the contention of Greenberg and Smith that the Attorney General failed to preserve this argument for our review. While the sufficiency of the claim for equitable relief was not a major focus of any party's attention below, the Attorney General did specifically dispute, in Supreme Court, Greenberg's and Smith's assertion that that claim was barred by the SEC settlement. It is irrelevant to the preservation issue whether the argument was made in the Appellate Division (*Matter of Couch v Perales*, 78 NY2d 595, 605 n 5 [1991]; *Matter of Seitelman v Lavine*, 36 NY2d 165, 170 n 2 [1975]).

■ On the merits, we cannot say as a matter of law that no equitable relief may be awarded. There is no doubt room for argument about whether the lifetime bans that the Attorney General proposes would be a justifiable exercise of a court's discretion; but that question, as well as the availability of any other equitable relief that the Attorney General may seek, must be decided by the lower courts in the first instance.

Accordingly, the order of the Appellate Division, insofar as appealed from, should be affirmed, with costs, and the certified question answered in the affirmative.

Judges GRAFFEO, READ, PIGOTT, RIVERA, ABDUS-SALAAM and MASTRO* concur; Chief Judge LIPPMAN taking no part.

Order, insofar as appealed from, affirmed, with costs, and certified question answered in the affirmative.

---

* Designated pursuant to NY Constitution, article VI, § 2.