■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE R. GREENBERG et al., Appellants. [8 NYS3d 68]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered May 29, 2014, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The State's disgorgement claim was legally viable, despite the settlement of actions brought by American International Group, Inc. shareholders and by the corporation, and the accompanying releases (*see People v Ernst & Young LLP*, 114 AD3d 569, 570 [1st Dept 2014]). Defendants failed to carry their prima facie burden of demonstrating the lack of incentive compensation paid to defendants as a result of the sham

transactions in which they are alleged to have participated, so the burden never shifted to the State to raise an issue of fact to support the disgorgement claim (*see William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013]). Contrary to defendants' contention, the State did not waive the disgorgement claim by not seeking discovery on the issue and not mentioning it in the note of issue (*see generally Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 104 [2006]); indeed, at oral argument the motion court noted that had discovery regarding this remedy been sought prior to an adjudication of liability, it would have been appropriate to grant a protective order. Nor does the record support defendants' contention that the State had agreed at a discovery conference that it was not pursuing disgorgement.

Defendants failed to demonstrate conclusively that the claim for a permanent injunction under the Martin Act was not warranted under the circumstances, which at least raised issues of fact as to the imminence of harm. The existence of a federal consent judgment imposing a similar but more lenient injunction, and not providing for any acknowledgment of guilt (*see United States Sec. & Exch. Commn. v Citigroup Global Mkts., Inc.*, 827 F Supp 2d 328, 332-333 [SD NY 2011], *vacated and remanded* 752 F3d 285 [2d Cir 2014]), does not preclude the injunction sought here by the State.

We have considered defendants' other contentions and find them unavailing. Concur—Tom, J.P., Saxe, Feinman, Clark and Kapnick, JJ.