This opinion is uncorrected and subject to revision before
publication in the New York Reports.
--------------------------------------------------------------------

No. 90
The People of the State of New
York by Eric T. Schneiderman,
&c.,
          Respondent,
        v.
Maurice R. Greenberg, et al.,
          Appellants.

          David Boies, for appellant Greenberg.
          Vincent A. Sama, for appellant Smith.
          Barbara D. Underwood, for respondent.
          AARP; North American Securities Administrators
Association, Inc.; Chamber of Commerce of the United States of
America et al., amici curiae.

STEIN, J.:

          This appeal is the second to have come before us

challenging the denial of motions for summary judgment dismissing

the complaint in this action, which was commenced in 2005 by the

Attorney General under the Martin Act (General Business Law

article 23-A) and Executive Law § 63 (12) against defendants, two

- 1 -

former officers of American International Group, Inc. As in the prior appeal, defendants challenge the availability of certain equitable relief. We again hold that the Attorney General's claims against defendants withstand summary judgment and, therefore, should proceed to trial.

The underlying facts of this matter are more fully set forth in our prior decision (21 NY3d 439 [2013]), in which we rejected defendants' argument "that no basis exist[ed] for granting equitable relief . . . [because] all such relief that could possibly be awarded has already been obtained in litigation brought by the Securities and Exchange Commission (SEC), which [defendants] settled in 2009" (id. at 447). In addition, defendants had requested in that appeal that this Court determine, as a matter of law, that equitable relief was unavailable in this case under the Martin Act. Specifically, defendants argued that the Attorney General has no "ability to ask for disgorgement" because there was no "illegal gain[]," and the Attorney General could not demonstrate "some danger of continuing violation," the showing defendants asserted was necessary to obtain injunctive relief under the Act. In the face of these arguments, we were unable to "say as a matter of law that no equitable relief may be awarded" (21 NY3d at 448), and we concluded that it was necessary for the lower courts to determine, in the first instance, whether the injunction sought by the Attorney General -- a lifetime ban on defendants'

participation in the securities industry and service as an officer or director of a public company -- "would be a justifiable exercise of a court's discretion" (id. at 448). We similarly concluded that the "availability" of any other equitable relief sought by the Attorney General -- i.e., disgorgement -- must initially be decided by the lower courts (id.).

One month after this Court's prior decision was issued, defendants moved again for summary judgment dismissing the complaint against them. Defendants primarily argued that: the equitable relief sought was not warranted on the facts of this case; disgorgement is not an authorized remedy under the Martin Act or Executive Law § 63 (12); and disgorgement is preempted by federal law. Supreme Court rejected those arguments and denied defendants' motion, and the Appellate Division affirmed (127 AD3d 529, 529-530 [1st Dept 2015]). The Appellate Division thereafter granted defendants leave to appeal and certified the following question to this Court: "Was the order of the Supreme Court, as affirmed by this Court, properly made?"

Initially, we note that defendants may not relitigate the issues that were resolved in our prior decision (see People v Rodriguez, 25 NY3d 238, 243 [2015]; see generally People v Evans, 94 NY2d 499, 502-503 [2000]), or raise issues on appeal that were not preserved on the record for our review. Thus, the majority of their arguments regarding the availability of injunctive

relief are not properly before us.

Turning to the first of defendants' arguments that are not beyond our review, we conclude that the Attorney General may obtain permanent injunctive relief under the Martin Act and Executive Law § 63 (12) upon a showing of a reasonable likelihood of a continuing violation based upon the totality of the circumstances (see People v Lexington Sixty-First Assoc., 38 NY2d 588, 598 [1976]; Securities & Exch. Commn. v Management Dynamics, Inc., 515 F2d 801, 807 [2d Cir 1975]).  "This is not a 'run of the mill' action for an injunction, but rather one authorized by remedial legislation, brought by the Attorney General on behalf of the People of the State and for the purposes of preventing fraud and defeating exploitation" (Lexington Sixty-First, 38 NY2d at 598).  "'[T]he standards of the public interest not the requirements of private litigation measure the propriety and need for injunctive relief'" (Management Dynamics, 515 F2d at 808, quoting Hecht Co. v Bowles, 321 US 321, 331 [1944]).  Therefore, we reject defendants' argument that the Attorney General must show irreparable harm in order to obtain a permanent injunction.

Defendants' reliance upon State of New York v Fine (72 NY2d 967, 969 [1988]) -- in which we held that the Attorney General must demonstrate irreparable harm to obtain a preliminary injunction under the Martin Act -- is misplaced.  Our holding in that case was grounded upon the interplay of General Business Law § 357, which incorporates the CPLR, and the relevant provision of

the CPLR itself, which require a showing of irreparable injury before a preliminary injunction may be granted (see CPLR article 63; Fine, 72 NY2d at 969). That holding is of no moment here, inasmuch as the CPLR has no similar provisions governing permanent injunctive relief and, in any event, Executive Law § 63 (12) does not incorporate the CPLR. Thus, no showing of irreparable harm was necessary and we agree with the courts below that, under the circumstances of this case, questions of fact exist regarding the propriety of the permanent injunctive relief sought, which preclude summary judgment.

We further conclude that disgorgement is an available remedy under the Martin Act and the Executive Law. The Martin Act contains a broad, residual relief clause, providing courts with the authority, in any action brought under the Act, to "grant such other and further relief as may be proper" (General Business Law § 353-a). Indeed, this Court has previously recognized that the courts are not limited to the remedies specified under either of these statutes (Lexington Sixty-First, 38 NY2d at 593-594, 598-599). In our view, disgorgement "merely requires the return of wrongfully obtained profits [and] does not result in any actual economic penalty" (Official Comm. of Unsecured Creditors of WorldCom, Inc. v Securities & Exch. Commn., 467 F3d 73, 81 [2d Cir 2006]). As we have previously stated, in an appropriate case, disgorgement may be an available "equitable remedy distinct from restitution" under this State's

anti-fraud legislation (<u>Matter of People v Applied Card Sys.,
Inc.</u>, 11 NY3d 105, 125 [2008], <u>cert</u> <u>denied</u> 555 US 1136 [2009];
<u>see</u> <u>People v Ernst & Young LLP</u>, 114 AD3d 569, 569-570 [1st Dept
2014]).  Nor is there any merit to defendants' arguments that
such relief is barred under the Supremacy Clause or that it was
waived by the Attorney General.  Moreover, as with the Attorney
General's claim for an injunction, issues of fact exist which
prevent us from concluding, as a matter of law, that disgorgement
is unwarranted.

Accordingly, the order of the Appellate Division should
be affirmed, with costs, and the certified question answered in
the affirmative.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, with costs, and certified question answered in
the affirmative.  Opinion by Judge Stein.  Chief Judge DiFiore
and Judges Pigott, Rivera, Abdus-Salaam and Fahey concur.  Judge
Garcia took no part.

Decided June 2, 2016