People v Natl. Rifle Assn. of Am. (2023 NY Slip Op 06455)

People v Natl. Rifle Assn. of Am.

2023 NY Slip Op 06455

Decided on December 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023

Before: Kapnick, J.P., Friedman, González, O'Neill Levy, JJ. 

Index No. 451625/20 Appeal No. 1206 Case No. 2022-05185 

[*1]People of the State of New York, by Letitia James, Attorney General of the State of New York, Plaintiff-Respondent,
v
The National Rifle Association of America, Defendant-Appellant, Wayne LaPierre et al., Defendants.

Brewer, Attorneys & Counselors, New York (Noah Peters of counsel), for appellant.
Letitia James, Attorney General, New York (Matthew William Grieco of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered October 2, 2022, which, to the extent appealed from as limited by the briefs, denied the motion of defendant The National Rifle Association of America (the NRA) to dismiss the cause of action for breach of EPTL 8-1.4 (first cause of action) in the second amended verified complaint, unanimously affirmed, without costs.
Plaintiff alleged in detail that the NRA failed to properly administer charitable assets, resulting in improper administration and diminution of property held for charitable purposes; engaged in waste and diversion of charitable assets; and retaliated against whistleblowers. These allegations are sufficient to state a claim under EPTL 8-1.4, which enhances New York Attorney General's enforcement powers and authorizes it to institute proceedings against trustees who fail to properly administer charitable assets (see Schneiderman v Lower Esopus Riv. Watch, Inc., 39 Misc 3d 1241[A], 2013 NY Slip Op 50965[U], *26-27 [Sup Ct, Ulster County 2013]).
We decline to address the NRA's arguments regarding potential remedies, including the potential appointment of a monitor. At this stage of the litigation, when Supreme Court has not even determined liability, it is too early to determine the propriety of potential equitable remedies. The only issue before the trial court was whether plaintiff had stated a claim upon which relief may be granted, which, as we have noted, it has done. In any event, whether particular equitable remedies would constitute a proper exercise of discretion is for Supreme Court to decide in the first instance (see People v Greenberg, 21 NY3d 439, 448 [2013]).
We have considered the NRA's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2023