■ DAVID FISHOF, Respondent, v SAMUEL A. ABADY et al., Appellants. [720 NYS2d 505] —Order, Supreme Court, New York County (Paula Omansky, J.), entered June 24, 1999, insofar as it denied defendants' cross motion to dismiss the complaint, unanimously reversed, on the law, without costs, the cross motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

Defendant Schub brought an action against plaintiff in 1995, in United States District Court for the Southern District of New York, alleging sexual harassment and employment discrimination, in violation of the Equal Pay Act of 1963 (29 USC § 206 [d]) and the New York Human Rights Law (Executive Law, art 15, § 290 et seq.). At some point in that proceeding, defendant Abady became Schub's attorney. In 1997 the Federal claims were dismissed with prejudice and the State law claims were dismissed without prejudice. Later that year, Schub, represented by Abady, commenced a similar action in Supreme Court, New York County, alleging sexual harassment and degradation while in plaintiff's employ. The State court pleadings repeated the allegations in the Federal complaint that Schub had been the target of retaliation after becoming aware of plaintiff's "pattern of dishonesty in connection with his clients," specifically including his financial management of the account of former NFL quarterback and current TV analyst Phil Simms. Plaintiff thereupon brought the instant action for defamation, alleging in particular that defendants had distributed their libelous pleadings to the media at a press conference at Abady's law office. Abady conceded the publicity given to the sexual harassment case, but denied that he had done anything more than hand out copies of the pleadings to members of the media who asked for them.

In deciding the motions now under review, the IAS Court granted disqualification of attorney Abady on the ground that he would be a material witness in the action for defamation, and might have to give testimony adverse to his co-defendant/client. The court gave no explanation for refusing to consider the primary issue, viz., defendants' cross motion to dismiss the action. This was error.

Section 74 of the Civil Rights Law prohibits a civil action that alleges injury from "the publication of a fair and true report of any judicial proceeding." The absolute privilege under that statute also extends to the release of background material

with regard to the case (*Ford v Levinson*, 90 AD2d 464, 465), so long as the statement is a substantially accurate description of the allegation (*Mulder v Donaldson, Lufkin & Jenrette*, 208 AD2d 301). This is certainly true where the description of the case is offered by a party's legal counsel (*Lieberman v Hoffman*, 239 AD2d 273).

This issue is dispositive of the case, and obviates the necessity of considering the secondary matter of Abady's disqualification. Concur—Rosenberger, J. P., Tom, Mazzarelli, Ellerin and Wallach, JJ.