■ LORRAINE COYLE, Respondent, v 203 WEST 102ND STREET APARTMENT CORP. et al., Appellants. [740 NYS2d 615] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered on or about July 12, 2001, which denied defendants' motions for summary judgment dismissing the complaint, unanimously modified, on the law, to the extent of granting defendants summary judgment dismissing plaintiff's eighth cause of action for defamation, and otherwise affirmed, without costs.

Five of the alleged defamatory statements appear in the answer filed by the corporate defendant in a breach of contract action filed by plaintiff in Civil Court and clearly fall within the protection of Civil Rights Law § 74 (*see also*, *Aequitron Med. v Dyro*, 999 F Supp 294, 297-298). Plaintiff has failed to raise a triable issue as to whether the content of defendant's answer was disseminated to the media in bad faith and with malice to avail herself of the exception to the absolute privilege created by Civil Rights Law § 74 (*cf.*, *Williams v Williams*, 23

NY2d 592). The timing of the answer, which was filed shortly before the primary election in which plaintiff's husband was a candidate, was itself insufficient to create a triable issue in this regard, and no other competent evidence of malice was submitted by plaintiff (*see*, *Fishof v Abady*, 280 AD2d 417). In any event, plaintiff herself initiated this litigation, and defendant only answered, so she can hardly argue that an exception, regarding the declarant's malicious initiation of litigation solely to disseminate false statements, would apply to these facts. In addition, the complained of statement by defendant Frissel that "Dealing with Lorraine Coyle was an atrocious experience for us," is a statement of opinion and, thus, non-actionable (*see*, *Corporate Training Unlimited v National Broadcasting Co.*, 868 F Supp 501, 510-511). Plaintiff's eighth cause of action should also have been dismissed insofar as it complains of "such other * * * accusations to the media accusing the plaintiff of fraud, deceit and wrongful unprofessional conduct" but fails to specify the allegedly offending statements. We note that even if the absolute privilege afforded by Civil Rights Law § 74 were not applicable, summary judgment dismissing plaintiff's eighth cause of action should still have been awarded because plaintiff, who was a limited-purpose public figure at the time the statements were made, has not, in opposing summary judgment, come forward with evidence permitting a jury to conclude with convincing clarity that defendants published the statements at issue with actual malice (*see*, *Mahoney v Adirondack Publ. Co.*, 71 NY2d 31).

Summary judgment dismissing plaintiff's first cause of action for breach of contract was properly denied since numerous issues of fact exist as to plaintiff's entitlement to fees and as to the reasonableness of the fees sought. Concur—Nardelli, J.P., Tom, Sullivan and Ellerin, JJ.