■ In the Matter of Steven Emerson, Appellant, v Robert Port et al., Respondents. [757 NYS2d 18] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or

about October 26, 2001, which granted respondents' motion to quash appellant's subpoena, unanimously affirmed, without costs.

Appellant provided information to a reporter for a series of articles; the individual respondent edited the series for respondent news agency. Appellant subsequently sued the reporter and others in Florida for allegedly stating, after the series had been published, that appellant manufactured a document he gave the reporter and that much of appellant's information had to be "sliced from the series" for untrustworthiness. Appellant now seeks to question respondent editor as to whether the reporter had ever voiced any doubts concerning appellant's materials, and to obtain any "non-privileged documents" relating to the articles in order to ascertain the reporter's state of mind. Appellant has neither deposed nor sought any discovery from the reporter himself. The motion court correctly quashed the subpoena as seeking information that is privileged under the Shield Law (Civil Rights Law § 79-h [c]; *see generally O'Neill v Oakgrove Constr.*, 71 NY2d 521, 527-528 [1988]). Even assuming that appellant has met the first two prongs of the tripartite test for disclosure of unpublished nonconfidential news under the Shield Law ("highly material and relevant" and "critical or necessary to the maintenance" of the Florida action), he fails to demonstrate that such news is "not obtainable from any alternative source," to wit, the reporter himself (*see Matter of CBS Inc.*, 232 AD2d 291 [1996]). Concur—Buckley, P.J., Tom, Rosenberger, Lerner and Marlow, JJ.