■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERARD JENKINS, Appellant. [913 NYS2d 556]—Judgment, Supreme Court, Bronx County (Peter J. Benitez, J.), rendered September 25, 2008, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 20 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification. We note that the testimony of the People's identifying witness was corroborated by persuasive circumstantial evidence.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Moskowitz, Freedman, Richter and Manzanet-Daniels, JJ.

■ CESAR RODRIGUEZ, Appellant, v 3251 THIRD AVENUE LLC, Respondent, et al., Defendants. [914 NYS2d 142]—

Order, Supreme Court, Bronx County (Cynthia S. Kern, J.), entered on or about December 28, 2009, which denied plaintiff's motion for summary judgment on the issue of liability under Labor Law § 240 (1), unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff testified that he fell off an unsecured ladder while preparing to paint office space in a building owned by defendant 3251 Third Avenue LLC. No issue of fact as to plaintiff's version of events or his credibility is raised by the absence of corroboration of his testimony or by anything in the record, whether in the testimony itself or in evidence presented by defendant (see Perrone v Tishman Speyer Props., L.P., 13 AD3d 146 [2004]; Wise v 141 McDonald Ave., 297 AD2d 515, 517 [2002]; Gontarzewski v City of New York, 257 AD2d 394 [1999]; Robinson v NAB Constr. Corp., 210 AD2d 86 [1994]; Urrea v Sedgwick Ave. Assoc., 191 AD2d 319 [1993]).

In an attempt to raise an issue of fact whether plaintiff was an employee entitled to the protections of the Labor Law, defendant submitted an unsworn statement by plaintiff's employer that he did not know plaintiff and that plaintiff did not work for him. This statement is hearsay, unaccompanied by any other evidence tending to show that plaintiff's presence on the work site was not authorized, and is therefore insufficient to demonstrate the existence of a question of fact (see Matter of New York City Asbestos Litig., 7 AD3d 285 [2004]). Concur—Tom, J.P., Moskowitz, Freedman, Richter and Manzanet-Daniels, JJ.