■ GS Plasticos Limitada, Respondent, v Bureau Veritas, Defendant, and Bureau Veritas Consumer Products Services, Inc., Appellant. [922 NYS2d 365]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered April 14, 2010, which granted plaintiff's motion to dismiss defendant's counterclaim for libel, unanimously affirmed, with costs.

Plaintiff, a manufacturer of plastic "premiums" for promotional markets, claims that it lost business as a result of false reports of unusually high levels of arsenic in its product by defendant, a provider of consumer product testing services. Defendant answered and counterclaimed that plaintiff had committed libel per se in a May 28, 2005 letter to a nonparty entity, which provided laboratory accreditation to defendant.

The statements at issue were not actionable to the extent the May 28 letter constituted "the publication of a fair and true report of [a] judicial proceeding," and were therefore protected by section 74 of the Civil Rights Law (*see Fishof v Abady*, 280 AD2d 417, 417 [2001]). The statements contained in the May 28 letter regarding "deficient practices, sheer lack of competence or other behavior" reflected the substance of plaintiff's complaint against defendants. In that complaint, plaintiff alleged, among other things, that it was "impossible for [defendant] to argue that it had responsibly conducted its analyses with due care and taken appropriate steps to perform its services in a skillful and competent manner," and did not suggest more serious conduct than was alleged in the complaint (*Daniel Goldreyer, Ltd. v Van de Wetering*, 217 AD2d 434, 436 [1995]).

A statement "should not be dissected and analyzed with a lexicographer's precision" (*Holy Spirit Assn. for Unification of World Christianity v New York Times Co.*, 49 NY2d 63, 68 [1979]), and in the context of the nonparty's accreditation of defendant "for technical competence," the statement that such nonparty "should demonstrate that it is not complicit in [defendant's] behavior," was a substantially accurate report of the complaint and subject to the Civil Rights Law § 74 absolute privilege.

While the statements that "it is likely that [defendant] has conducted many deficient and wrongful assessments" and that defendant "may continue in these practices," appear to go beyond the allegations in the complaint, we agree with the motion court that such statements are nonactionable expressions of opinion (*see Gross v New York Times Co.*, 82 NY2d 146, 153 [1993], citing *Steinhilber v Alphonse*, 68 NY2d 283, 292 [1986]). Based on use of the words "it is likely" and "may" when describing defendant's purported misconduct, an average reader would understand these words " 'as mere *allegations* to be investigated rather than as *facts*' " (*Vengroff v Coyle*, 231 AD2d 624, 625 [1996] [citation omitted]). "[C]onsider[ing] the content of the communication as a whole, as well as its tone and apparent purpose" (*Brian v Richardson*, 87 NY2d 46, 51 [1995]), it was reasonable to conclude that if defendant used deficient testing with respect to plaintiff's products, further investigation was warranted.

There is no implication that the May 28 letter was based on any facts other than those included within the four corners of the complaint, thus, the statements are not actionable as "mixed opinion" based on undisclosed facts (*Steinhilber v Alphonse*, 68 NY2d 283, 289-290 [1986]; *cf. Arts4All, Ltd. v Hancock*, 5 AD3d 106, 109 [2004]). Concur—Saxe, J.P., Catterson, Acosta, Abdus-Salaam and Román, JJ.