Judgment, Supreme Court, New York County (O. Peter *574 Sherwood, J.), entered September 9, 2011, dismissing the complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered August 5, 2011, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
As plaintiff Amaranth LLC (the Fund) conceded at oral argument, and as it concedes in its opening brief, it no longer relies on the defamatory statement alleged in its complaint. Rather, it relies on a statement set forth in an interrogatory response— which was later superseded — stating, in essence, that defendant J.E Morgan Chase & Co. (JPMC) had concerns about the impact of any potential bridge loan to the Fund on preference risk in the event of the Fund’s bankruptcy. This statement is not “sufficiently analogous” to the statement alleged in the complaint (Rossignol v Silvernail, 185 AD2d 497, 499 [3d Dept 1992], lv denied 80 NY2d 760 [1992]; see CPLR 3016 [a]). Moreover, it is not defamatory, as it simply expresses an opinion based on information available to all potential parties to the potential Fund transaction (see Silverman v Clark, 35 AD3d 1, 14 [1st Dept 2006]; cf. Guerrero v Carva, 10 AD3d 105, 112 [1st Dept 2004]). Furthermore, the statement is substantially true, as there is uncontroverted evidence that JPMC did consider, if only briefly, making a bridge loan to the Fund and concluded that it was “less than creditworthy” and a “potential ] preference risk” (see Silverman, 35 AD3d at 14).
In light of our decision, we need not consider the Fund’s remaining contentions. Concur — Andrias, J.P., Friedman, DeGrasse, Román and Gische, JJ.