■ ZENAIDA RODRIGUEZ et al., Respondents, v CITY OF NEW YORK et al., Appellants, et al., Defendants. [963 NYS2d 640]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered March 9, 2012, which denied a motion by defendant City of New York for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed as against the City. The Clerk is directed to enter judgment accordingly.

Plaintiffs are pedestrians who were seriously injured on January 19, 2004 when struck by a 1992 Buick that mounted a sidewalk while being driven by defendant Korey Bullock. The City's proof established that on the day of the accident, three officers were on patrol in an unmarked car that was stopped on Prospect Avenue facing northbound in the direction of Westchester Avenue. Police Officer John Caruso, the operator of the police vehicle, testified that he saw the Buick being driven eastbound on Westchester Avenue and noted that Bullock, the driver, appeared to be too young to be driving. Caruso also noticed that the Buick had a broken side view mirror and a defective brake light. Caruso activated his emergency lights and siren after he and his partners attempted to pull the Buick over due to the equipment violations. The officers saw the Buick go

through two red lights as they pursued it eastbound on Westchester Avenue. After passing the second red light Bullock made a left turn onto Bryant Avenue where he skidded, lost control of the vehicle and struck plaintiffs. It is alleged in the bill of particulars that the police officers were reckless and negligent in pursuing Bullock on icy and slippery roadways at an excessively high rate of speed. The City moved for summary judgment on the ground that the police officers did not act recklessly and that Caruso, as the operator of an emergency vehicle involved in an emergency operation, was entitled to the conditional privileges set forth under Vehicle and Traffic Law § 1104. The motion court denied summary judgment, finding issues of fact as to whether the police officers were engaged in an emergency operation within the contemplation of the statute and whether they acted recklessly. We reverse.

Vehicle and Traffic Law § 1104 affords drivers of emergency vehicles a qualified exemption from certain traffic laws when they are involved in emergency operations (see *Kabir v County of Monroe*, 16 NY3d 217, 222-224 [2011]). The pursuit of an actual or suspected violator of the law is defined as an "emergency operation" under Vehicle and Traffic Law § 114-b. Here, there is unrefuted evidence that Caruso himself went through a red light during the pursuit. Therefore, Caruso's conduct falls within the protection of Vehicle and Traffic Law § 1104. Notwithstanding plaintiffs' argument, nothing in the record refutes Caruso's testimony that he saw Bullock pass through two red lights on Westchester Avenue. Bullock admitted as much in a statement that he signed approximately six hours after the accident. Bullock's admission is not contradicted by an undated and unsigned statement that plaintiffs proffer. In the latter statement, Bullock purportedly wrote that he "went stop [sic] for two red light [sic] on Prospeck [sic]." That statement does not raise an issue of fact because, according to Caruso's testimony, Bullock ran the two red lights after he was first spotted near the intersection of Westchester and Prospect Avenues.* Plaintiffs also misplace their reliance on a newspaper quote attributed to a neighborhood resident who purportedly said that the police vehicle bumped the Buick before it crashed. This hearsay statement, unaccompanied by any other evidence tending to show that there was contact between the vehicles, is insufficient to demonstrate the existence of an issue of fact (see

---

* We note parenthetically that it is indicated in both statements that Bullock believed that the police vehicle was going to pass him before he made the left turn at Bryant Avenue. This belies plaintiffs' claim that the officers' pursuit caused Bullock to drive recklessly.

*e.g. Rodriguez v 3251 Third Ave. LLC*, 80 AD3d 434 [1st Dept 2011]). Moreover, another person's statement that the Buick made the left turn at 50 miles per hour is insufficient to raise an issue of fact as to whether Caruso was driving at the same speed during the pursuit. Also, nothing in the record is sufficient to raise an issue of fact as to whether the police officers engaged in reckless conduct by intentionally doing "an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow" (*Saarinen v Kerr*, 84 NY2d 494, 501 [1994] [internal quotation marks omitted]). We are not persuaded by plaintiffs' argument that summary judgment should be denied because the City has exclusive possession of evidence needed to oppose the motion (*see* CPLR 3212 [f]). Plaintiffs waived this argument by filing a note of issue and certificate of readiness (*see e.g. Melcher v City of New York*, 38 AD3d 376 [1st Dept 2007]). We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Andrias, J.P., Sweeny, DeGrasse, Freedman and Richter, JJ.