Order, Supreme Court, New York County (Shlomo Hagler, J.), entered June 6, 2012, which granted respondent’s motion to quash a subpoena duces tecum in connection with an Arizona action to which he is not a party, unanimously affirmed, without costs.
Petitioner’s claims in the underlying Arizona action arise from her husband’s death in an “aerotrekking” accident on November 1, 2006. Petitioner alleges, inter alia, that defendant John McAfee owned the ultralight aircraft in which petitioner’s husband was the passenger and funded the Arizona flight school from which the fatal flight originated. Respondent Davin Coburn is a reporter who published a magazine article recounting his four-day experience aerotrekking with McAfee and others in June 2006. The subject subpoena commands Coburn to appear for a deposition and to produce any documents relating, in sum, to the subject matter of the Arizona lawsuit.
Contrary to petitioner’s contention, all the information she seeks constitutes “unpublished news obtained or prepared by” Coburn, undisputedly a professional journalist, “in the course of gathering or obtaining [the] news” that was ultimately published in the article, and is therefore subject to qualified protection under the New York Shield Law (see Civil Rights Law § 79-h [c]; Baker v Goldman Sachs & Co., 669 F3d 105, 110-111 [2d Cir 2012]).
Petitioner failed to make the “clear and specific showing” required to overcome the protection (see Civil Rights Law § 79-h [c]). Even assuming that the information she seeks is “highly material and relevant” and “critical or necessary” to the maintenance of her claims, she has not shown that it is unobtainable “from any alternative source” (see id.). It does not appear that she has even attempted to engage in forensic accounting or otherwise obtain the financial information she seeks or that she has made any effort to obtain aircraft registration information *425 from sources such as the manufacturer or dealer (see Flynn v NYP Holdings, 235 AD2d 907, 909 [3d Dept 1997]; Matter of CBS Inc. [Vacco], 232 AD2d 291 [1st Dept 1996]). Concur— Tom, J.E, Friedman, Sweeny and Freedman, JJ.