■ NEW GPC INC., Appellant, v KAIETEUR NEWSPAPER INC., Respondent. [8 NYS3d 123]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered June 30, 2014, which, to the extent appealed from as limited by the briefs, denied plaintiff's application for an order precluding defendant from offering any evidence in this action as to defendant's supposed sources for the newspaper articles at issue other than Lloyd Singh, unanimously modified, on the law and the facts, to grant the motion to the extent of precluding defendant from producing or introducing evidence as to the identity of any natural person, other than Lloyd Singh, who provided information to defendant in connection with the articles, unless that information has been disclosed to plaintiff at least 10 days before any such use by defendant in this action, and otherwise affirmed, without costs. Order, same court and Justice, entered May 16, 2014, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for a protective order directing the confidentiality of all discovery produced in this litigation, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered May 12, 2014, which denied plaintiff's motion for an order "directing that no deposition in this proceeding may be used by either party for any purpose outside of the within litigation," unanimously dismissed, without costs, as academic.

This libel action arises out of defendant's alleged publication of articles accusing plaintiff, a Guyanese pharmaceutical manufacturing and supplying company, of selling pharmaceuticals to the Guyanese government at grossly inflated prices. In response to an interrogatory asking for the identity of natural

persons who provided information to defendant in connection with those articles, defendant answered that no such information was provided to it because it merely republished information published by another corporation (*see New GPC Inc. v Kaieteur Newspaper Inc.*, 124 AD3d 437 [1st Dept 2015]). This response would appear to end the inquiry. However, because defendant's answer also named Lloyd Singh, stated that "[o]ther sources include individuals within the Public Ministry of Health and Georgetown Public Hospital who wished [sic] to remain anonymous," and cited a case invoking the Shield Law (Civil Rights Law § 79-h [b]), plaintiff is entitled to a preclusion order to the extent indicated above (*see Oak Beach Inn Corp. v Babylon Beacon*, 62 NY2d 158, 166 [1984], *cert denied* 469 US 1158 [1985]; *see also Sands v News Am. Publ.*, 161 AD2d 30, 37 [1st Dept 1990]).

The motion court providently exercised its discretion in denying plaintiff's motion for a protective order directing that all discovery produced in this action shall be confidential (*see* CPLR 3103 [a]; *Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 1 AD3d 223, 224 [1st Dept 2003]). Plaintiff failed to support its claim that such an order is needed in order to "get witnesses to come forward." Concur—Acosta, J.P., Saxe, Moskowitz, Richter and Feinman, JJ.