OPINION OF THE COURT
Lucy Billings, J.
I. Background
Plaintiff sues to recover damages for defamatory statements *231 about him by defendant Jane Doe, identified as “Barbara,” and for a defamatory article based on those statements published by defendant Daily News L.P. October 25, 2012, and written by defendants Fisher and Connor. Plaintiff alleges that the John Doe defendants are Daily News editors who participated in publication of the articles.
Plaintiff’s first claim is against defendant Jane Doe for giving a false account to Daily News reporters, defendants Fisher and Connor, of plaintiff luring her to his apartment, holding her captive, and assaulting, sexually abusing, and threatening her and her family. Plaintiff bases his second claim on the publication by Daily News L.P., Fisher, Connor, Jacobs, and John Does 1-4 (Daily News defendants) of an article dated October 25, 2012 reporting plaintiff’s convictions and Jane Doe’s allegedly false account of crimes plaintiff committed against her, which were not part of the criminal prosecution leading to his convictions.
The Daily News defendants move to dismiss the complaint based on its failure to state a claim and based on documentary evidence (CPLR 3211 [a] [1], [7]). Plaintiff moves to compel disclosure of the Doe defendants’ identities (CPLR 3124). For the reasons explained below, the court grants defendants’ motion in part and denies plaintiff’s motion.
II. Plaintiff’s Motion to Compel Disclosure
As set forth above, plaintiff moves to compel disclosure of the names and contact information of John Does 1 through 4 and Jane Doe (CPLR 3124). Plaintiff proceeded against the Doe defendants without naming them as is permitted as long as he is unaware of their identities (CPLR 1024) and demonstrates due diligence in ascertaining their identities (Henderson-Jones v City of New York, 87 AD3d 498, 506 [1st Dept 2011]; Goldberg v Boatmax:/ /, Inc., 41 AD3d 255, 256 [1st Dept 2007]; Opiela v May Indus. Corp., 10 AD3d 340, 341 [1st Dept 2004]; Tucker v Lorieo, 291 AD2d 261 [1st Dept 2002]). Plaintiff demonstrates that, before commencing this action October 21, 2013, via correspondence to the Daily News March 5, 2013, he requested the disclosure he now seeks and, after receiving no response, via follow-up correspondence June 4 and October 12, 2013. In opposition to plaintiff’s motion, a Daily News employee responsible for overseeing its mail distribution attests, and its vice-president and assistant general counsel Matthew Leish affirms, that the Daily News never received any of that correspondence from plaintiff.
*232 Approximately seven months after commencing the action, on June 1, 2014, plaintiff moved to compel disclosure of the Doe defendants’ identities. His motion, prefaced by his correspondence, whether or not received, demonstrates diligent attempts to discover the Doe defendants’ identities, particularly considering his incarceration. Although Leish insists these efforts were entirely unnecessary regarding the John Doe defendants’ identities, as the editorial page’s masthead in the Daily News printed edition would have shown plaintiff this information, the Daily News defendants present no such page. Leish’s description of the editorial page’s contents without presenting and authenticating the page is sheer hearsay (e.g. People v Joseph, 86 NY2d 565, 570 [1995]; Mastroddi v WDG Dutchess Assoc. Ltd. Partnership, 52 AD3d 341, 342 [1st Dept 2008]; Lapin v Atlantic Realty Apts. Co., LLC, 48 AD3d 337, 338 [1st Dept 2008]; Chubb Natl. Ins. Co. v Platinum Customcraft Corp., 38 AD3d 244, 245 [1st Dept 2007]). Nevertheless, plaintiff has served no demands for a bill of particulars or disclosure (e.g. CPLR 3042 [a]; 3102 [a]; 3107, 3109 [a]; 3120 [1] [i]; 3130 [1]), rendering his motion to compel disclosure of the Doe defendants’ identities premature (see CPLR 3102 [b]; Oak Beach Inn Corp. v Babylon Beacon, 62 NY2d 158, 167 [1984]).
Regarding plaintiff’s request for disclosure of Jane Doe’s identity, the Daily News defendants claim this information is privileged under New York’s Shield Law (Civil Rights Law § 79-h). That statute prohibits holding news professionals in contempt or otherwise penalizing them for nondisclosure of news or its source obtained in confidence through gathering news for publication (Civil Rights Law § 79-h [b]; Matter of Holmes v Winter, 22 NY3d 300, 308 [2013]; see Oak Beach Inn Corp. v Babylon Beacon, 62 NY2d at 168; New GPC Inc. v Kaieteur Newspaper Inc., 127 AD3d 601, 602 [1st Dept 2015]). If the news professionals did not obtain information in confidence, they still may not be held in contempt for:
“refusing or failing to disclose any unpublished news obtained or prepared by a journalist or newscaster in the course of gathering or obtaining news as provided in subdivision (b) of this section, or the source of any such news, where such news was not obtained or received in confidence, unless the party seeking such news has made a clear and specific showing that the news: (i) is highly mate *233 rial and relevant; (ii) is critical or necessary to the maintenance of a party’s claim . . . ; and (iii) is not obtainable from any alternative source” (Civil Rights Law § 79-h [c]; see Holmes v Winter, 22 NY3d at 308; Matter of Gilson v Coburn, 106 AD3d 424 [1st Dept 2013]; Matter of Emerson v Port, 303 AD2d 229, 230 [1st Dept 2003]; Matter of CBS Inc. [Vacco], 232 AD2d 291, 292 [1st Dept 1996]).
Penalties as prescribed by CPLR 3126 against the Daily News defendants for nondisclosure also are restricted (Oak Beach Inn Corp. v Babylon Beacon, 62 NY2d at 168) as long as defendants do not exploit or benefit from the unavailability of the undisclosed evidence (id. at 166; Sands v News Am. Publ., 161 AD2d 30, 37, 42 [1st Dept 1990]; Collins v Troy Publ. Co., 213 AD2d 879, 881 [3d Dept 1995]).
Even assuming plaintiff established that Jane Doe’s identity was material, relevant, and necessary to his claim, he fails to meet Civil Rights Law § 79-h (c)’s further requirement that the information be unavailable from another source, as he shows no efforts to determine her identity other than asking the Daily News (Matter of Gilson v Coburn, 106 AD3d 424 [2013]; Emerson v Port, 303 AD2d at 230; Matter of CBS Inc., 232 AD2d at 292; see Scott v Cooper, 227 AD2d 463, 464 [2d Dept 1996]). Absent satisfaction of the statutory requirements, her identity would “be inadmissible in any action or proceeding” (Civil Rights Law § 79-h [d]; see Holmes v Winter, 22 NY3d at 308).
Ill, Standards Applicable to Defendants’ Motion to Dismiss the Complaint
Upon defendants’ motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) or (7), the court accepts the complaint’s allegations as true and draws all inferences in plaintiff’s favor (Art & Fashion Group Corp. v Cyclops Prod., Inc., 120 AD3d 436, 437 [1st Dept 2014]; Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc., 120 AD3d 431, 432 [1st Dept 2014]; Cabrera v Collazo, 115 AD3d 147, 150 [1st Dept 2014]; Devash LLC v German Am. Capital Corp., 104 AD3d 71, 76-77 [1st Dept 2013]). Dismissal is warranted under CPLR 3211 (a) (7) only if the complaint fails to allege facts that fit within any cognizable legal theory (Nonnon v City of New York, 9 NY3d 825, 827 [2007]; Goldman v Metropolitan Life Ins. Co., 5 NY3d 561, 570-571 [2005]; Mill Fin., LLC v Gillett, 122 AD3d 98, 103 [1st Dept 2014]; Cabrera v Collazo, 115 AD3d at 151).
Dismissal of the complaint’s claims pursuant to CPLR 3211 (a) (1) requires documentary evidence in admissible form that *234 conclusively resolves all factual issues and establishes a defense as a matter of law (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; Mill Fin., LLC v Gillett, 122 AD3d at 103; Art & Fashion Group Corp. v Cyclops Prod., Inc., 120 AD3d at 438; Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc., 120 AD3d at 433). The documentary evidence must plainly and flatly contradict the complaint’s claims (Maas v Cornell Univ., 94 NY2d 87, 91 [1999]; Xi Mei Jia v Intelli-Tec Sec. Servs., Inc., 114 AD3d 607, 608 [1st Dept 2014]; Cathy Daniels, Ltd. v Weingast, 91 AD3d 431, 433 [1st Dept 2012]; KSW Mech. Servs., Inc. v Willis of N.Y., Inc., 63 AD3d 411 [1st Dept 2009]; see Lopez v Fenn, 90 AD3d 569, 572 [1st Dept 2011]). The court may dismiss claims based on such evidence only if plaintiff fails to rebut it (Hicksville Dry Cleaners, Inc. v Stanley Fastening Sys., L.P., 37 AD3d 218 [1st Dept 2007]).
Plaintiff’s claims against the moving defendants are for libel, an injury to a person’s reputation through a written publication of facts, rather than opinion (Thomas H. v Paul B., 18 NY3d 580, 584 [2012]; Saint David’s Sch. v Hume, 101 AD3d 582, 583 [1st Dept 2012]; Konrad v Brown, 91 AD3d 545, 546 [1st Dept 2012]). To sustain claims for libel, plaintiff must establish that defendants made (1) an unprivileged statement of fact (Martin v Daily News L.P., 121 AD3d 90, 100 [1st Dept 2014]; O’Neill v New York Univ., 97 AD3d 199, 212 [1st Dept 2012]; GS Plasticos Limitada v Bureau Veritas, 84 AD3d 518, 519 [1st Dept 2011]), (2) concerning him (Smith v Catsimatidis, 95 AD3d 737 [1st Dept 2012]; Prince v Fox Tel. Stas., Inc., 93 AD3d 614 [1st Dept 2012]), (3) with the requisite degree of fault, (4) that is false and defamatory (Brian v Richardson, 87 NY2d 46, 51 [1995]; Omansky v Penning, 101 AD3d 514, 515 [1st Dept 2012]; Amaranth LLC v J.P. Morgan Chase & Co., 100 AD3d 573, 574 [1st Dept 2012]; Konrad v Brown, 91 AD3d at 546), and (5) that damaged him (e.g. Rinaldi v Holt, Rinehart & Winston, 42 NY2d 369, 379 [1977]; Sandals Resorts Intl. Ltd. v Google, Inc., 86 AD3d 32, 38 [1st Dept 2011]). A statement is defamatory only if it (a) is false and (b) exposes plaintiff “to public contempt, ridicule, aversion or disgrace, or ... an evil opinion” of him and deprives him of “friendly intercourse in society” (Dillon v City of New York, 261 AD2d 34, 37-38 [1st Dept 1999] [citations omitted]; see Thomas H. v Paul B., 18 NY3d at 584; Martin v Daily News L.P., 121 AD3d at 100; Sandals Resorts Intl. Ltd. v Google, Inc., 86 AD3d at 38; *235 Bement v N.Y.P. Holdings, 307 AD2d 86, 92 [1st Dept 2003]). Whether the statements are susceptible of a defamatory connotation is a legal determination for the court (Alf v Buffalo News, Inc., 21 NY3d 988, 990 [2013]; Armstrong v Simon & Schuster, 85 NY2d 373, 380 [1995]; Weiner v Doubleday & Co., 74 NY2d 586, 592 [1989]; Ava v NYP Holdings, Inc., 64 AD3d 407, 412 [1st Dept 2009]).
IV. Defendants’ Motion to Dismiss the Complaint
The Daily News defendants rely primarily on the absolute privilege applicable to “the publication of a fair and true report of any judicial proceeding,” established by Civil Rights Law §74.
A. The Procedural Posture
As plaintiff points out, the court may not dismiss his complaint under CPLR 3211 (a) (7) based on the alleged defamatory articles’ truth or the Daily News defendants’ privilege before the moving defendants have raised the articles’ truth or defendants’ privilege as an affirmative defense in an answer (Fletcher v Dakota, Inc., 99 AD3d 43, 55-56 [1st Dept 2012]; Garcia v Puccio, 17 AD3d 199, 201 [1st Dept 2005]; Acosta v Vataj, 170 AD2d 348 [1st Dept 1991]; Wilcox v Newark Val. Cent. School Dist., 74 AD3d 1558, 1562 [3d Dept 2010]; see Aguinaga v 342 E. 72nd St. Corp., 14 AD3d 304 [1st Dept 2005]; Clark v Schuylerville Cent. School Dist., 24 AD3d 1162, 1163 [3d Dept 2005]). To allow defendants to raise truth or privilege in a pre-answer motion to dismiss the complaint based on its failure to state a claim would necessitate that the complaint, contrary to CPLR 3018 (b), anticipate and address an affirmative defense before it has been pleaded (Garcia v Puccio, 17 AD3d at 201). Instead, defendants must raise these affirmative defenses in an answer and move for summary judgment (Garcia v Puccio, 62 AD3d 598 [1st Dept 2009]; Garcia v Puccio, 17 AD3d at 201; Wilcox v Newark Val. Cent. School Dist., 74 AD3d at 1562) or, as here, move to dismiss the complaint pursuant to CPLR 3211 (a) (1) and present documentary evidence establishing the defense of truth or privilege as a matter of law (see O’Neill v New York Univ., 97 AD3d at 209, 213; Muhlhahn v Goldman, 93 AD3d 418, 419 [1st Dept 2012]; Saleh v New York Post, 78 AD3d 1149, 1152 [2d Dept 2010]).
B. The Documentary Evidence
To support their motion, the Daily News defendants rely on the transcripts of the trial against plaintiff and on the New *236 York County District Attorney’s press release issued October 24, 2012 to demonstrate the truth of defendants’ publications and their absolute privilege. The transcripts are certified by the court reporter and therefore admissible (American States Ins. Co. v Huff, 119 AD3d 478, 479 [1st Dept 2014]; Franco v Rolling Frito-Lay Sales, Ltd., 103 AD3d 543 [1st Dept 2013]; Singh v Actors Equity Holding Corp., 89 AD3d 488 [1st Dept 2011]).
The press release, however, offered for the truth of its contents (see Ableco Fin. LLC v Hilson, 109 AD3d 438, 439 [1st Dept 2013]), is unsworn hearsay (Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d 381, 384 [2004]; Rodriguez v City of New York, 105 AD3d 623, 624 [1st Dept 2013]; Rodriguez v 3251 Third Ave. LLC, 80 AD3d 434 [1st Dept 2011]; Babikian v Nikki Midtown, LLC, 60 AD3d 470, 471 [1st Dept 2009]) that is neither an admission (see People v Greenberg, 95 AD3d 474, 477, 484 [1st Dept 2012], affd 21 NY3d 439, 447 [2013]) nor any other exception to the rule against hearsay and is no more admissible for the press release’s truth than a newspaper article based on a press release (e.g. People v Samandarov, 13 NY3d 433, 437 [2009]; Rodriguez v City of New York, 105 AD3d at 624; Peckman v Mutual Life Ins. Co. of N.Y., 125 AD2d 244, 247 [1st Dept 1986]). While a newspaper article may report the contents of an affidavit or other allegations of a pleading in a judicial proceeding and still qualify for Civil Rights Law § 74’s protection, the press release was not a document in the criminal action against plaintiff.
Nor do the Daily News defendants present the press release to show what they relied on in reporting plaintiff’s convictions (see Weiner v Doubleday & Co., 74 NY2d at 596; Cholowsky v Civiletti, 69 AD3d 110, 115 [2d Dept 2009]). They present the release to establish the truth of what they reported.
Even were the press release actually sworn by the New York County District Attorney, such an affidavit would not fall within the scope of the limited admissible documentary evidence the court might rely on to dismiss the complaint under CPLR 3211 (a) (1) (United States Fire Ins. Co. v North Shore Risk Mgt., 114 AD3d 408, 409 [1st Dept 2014]; Regini v Board of Mgrs. of Loft Space Condominium, 107 AD3d 496, 497 [1st Dept 2013]; Flowers v 73rd Townhouse LLC, 99 AD3d 431 [1st Dept 2012]; Correa v Orient-Express Hotels, Inc., 84 AD3d 651 [1st Dept 2011]). Nor would an affidavit support dismissal under CPLR 3211 (a) (7) (Lawrence v Graubard Miller, 11 NY3d *237 588, 595 [2008]; Asmar v 20th & Seventh Assoc., LLC, 125 AD3d 563, 564 [1st Dept 2015]; Art & Fashion Group Corp. v Cyclops Prod., Inc., 120 AD3d at 438; see Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc., 10 AD3d 267, 271 [1st Dept 2004]).
The transcripts nonetheless establish that plaintiff was convicted of rape in the first degree, a criminal sexual act in the first degree, three counts of sex trafficking, promoting prostitution in the second and third degree, coercion in the first degree, three counts of assault in the second degree, sexual abuse in the first degree, and unlawful imprisonment in the second degree. Thus, insofar as the Daily News defendants published a true report of these convictions, Civil Rights Law § 74 protects their articles (Alf v Buffalo News, Inc., 21 NY3d at 989; Martin v Daily News L.P., 121 AD3d at 100; Misek-Falkoff v American Lawyer Media, 300 AD2d 215, 216 [1st Dept 2002]). Comparing the transcripts’ account with the Daily News defendants’ October 2012 article demonstrates that so much of their article as pertained to plaintiff’s convictions fairly and truthfully reported his convictions and sentencing (Muhlhahn v Goldman, 93 AD3d at 419; Pitcock v Kasowitz, Benson, Torres & Friedman LLP, 74 AD3d 613, 614 [1st Dept 2010]) and thus is absolutely privileged (Civil Rights Law § 74; Alf v Buffalo News, Inc., 21 NY3d at 990; Russian Am. Found., Inc. v Daily News, L.P., 109 AD3d 410, 413 [1st Dept 2013]; GS Plasticos Limitada v Bureau Veritas, 84 AD3d 518 [2011]; Saleh v New York Post, 78 AD3d at 1152).
C. Reporting of Subjects Outside the Trial
Regarding the Daily News defendants’ liability for reporting other, albeit related subjects, their requisite fault to support liability may depend on those subjects of their publication. Plaintiff concedes in opposition to their motion that their articles reported on issues of legitimate public concern, so that, even to be liable for an untrue report, defendants must be grossly irresponsible in their reporting. Crime, the legal process, and the penalties imposed on crimes through that process legitimately concern the public and warrant public exposition (e.g. Weiner v Doubleday & Co., 74 NY2d at 595; Karaduman v Newsday, Inc., 51 NY2d 531, 539 [1980]; Sarwer v Conde Nast Publs., 237 AD2d 191, 192 [1st Dept 1997]; Sheridan v Carter, 48 AD3d 447, 448 [2d Dept 2008]). Newspaper editors’ determination of a subject’s newsworthiness is evidence in itself of the public’s interest in the subject (Huggins v Moore, *238 94 NY2d 296, 305 [1999]; Weiner v Doubleday & Co., 74 NY2d at 595). To show that the newsworthiness of plaintiff’s criminal trial was not the determination of just the Daily News defendants themselves, they present other newspaper articles that reported plaintiff’s trial (Sheridan v Carter, 48 AD3d at 448; see Huggins v Moore, 94 NY2d at 305).
The conceded fact that the subject of the Daily News defendants’ articles was of legitimate public concern, warranting public exposition, required plaintiff to plead their gross irresponsibility in investigating the accuracy of their reporting (Ramos v Madison Sq. Garden Corp., 257 AD2d 492, 493 [1st Dept 1999]; Sarwer v Conde Nast Publs., 237 AD2d at 191-192; Love v Morrow & Co., 193 AD2d 586, 588 [2d Dept 1993]; see Weiner v Doubleday & Co., 74 NY2d at 595; Farber v Jefferys, 103 AD3d 514, 515 [1st Dept 2013]). The complaint specifies how the Daily News defendants were grossly irresponsible in publishing Jane Doe’s account in their October 2012 article. Contrary to the article, no statute of limitations applies to rape to bar prosecution of plaintiff for alleged crimes of rape against Jane Doe (CPL 30.10 [2] [a]; People v Quinto, 18 NY3d 409, 412 [2012]), yet prosecutors declined to prosecute any such crime because they did not find her credible.
The Daily News defendants claim their reporters interviewed her directly and that, as laypersons, they are not expected to know the statute of limitations for rape. Moreover, the October 2012 article merely reported that “sources said prosecutors found her credible,” rather than that prosecutors in fact found her credible, the fact that plaintiff disputes (aff of Carolyn Foley, exhibit 9).
Even if the Daily News defendants found no reason to doubt the veracity of Jane Doe’s account (Gaeta v New York News, 62 NY2d 340, 351 [1984]; Ramos v Madison Sq. Garden Corp., 257 AD2d at 493), they have failed to present documentary evidence either establishing that prosecutors found Jane Doe credible or detailing the measures defendants took to ensure responsible information gathering or independent confirmation of her account (see Weiner v Doubleday & Co., 74 NY2d at 596; Kruesi v Money Mgt. Letter, 228 AD2d 307, 308 [1st Dept 1996]; Freeze Right Refrig. & A.C. Servs. v City of New York, 101 AD2d 175, 184 [1st Dept 1984]; Cottrell v Berkshire Hathaway, Inc., 26 AD3d 786, 787 [4th Dept 2006]). They thus fail to demonstrate that they were not grossly irresponsible in publishing her account.
*239 Nor do the Daily News defendants present evidence establishing any other defenses to their publication of that part of the October 2012 article reporting Jane Doe’s account. The transcripts do not demonstrate either the truth of her account or that it was privileged. Since plaintiff denies ever meeting Jane Doe and alleges her account is false, the court may not dismiss either plaintiff’s first claim or his second claim insofar as it alleges that publication of Jane Doe’s account was defamatory.
Finally, the Daily News defendants nonetheless maintain that these remaining defamation claims fail because any defamatory parts of the accounts would cause minimal harm to his reputation in light of the true parts (Jones v Plaza Hotel, 249 AD2d 31 [1st Dept 1998]; Guccione v Hustler Mag., Inc., 800 F2d 298, 303-304 [2d Cir 1986]; see Friedman v Rice, 47 Misc 3d 944, 955 n 7 [Sup Ct, Nassau County 2015]; Lee v City of Rochester, 174 Misc 2d 763, 778 n 1, 788 [Sup Ct, Monroe County 1997], affd 254 AD2d 790 [4th Dept 1998]). Because of the reported evidence resulting in his convictions, defendants contend plaintiff’s reputation is insusceptible of further damage (see Friedman v Rice, 47 Misc 3d at 955 n 7; Lee v City of Rochester, 174 Misc 2d at 778 n 1, 788).
Application of this further defense to plaintiff’s second claim concerning Jane Doe’s account reported by the Daily News defendants focusses on those parts of their October 2012 article recounting plaintiff’s sale of cocaine and possession of a firearm that he used in raping and sodomizing Jane Doe: serious crimes unrelated to the crimes of which plaintiff was convicted. Truthful reporting of plaintiff’s convictions does not negate the compounding harmful effect of Jane Doe’s account regarding the separate crimes that he committed against her, but that the criminal prosecution of plaintiff did not include. As set forth above, the Daily News defendants present no documentary evidence corroborating Jane Doe’s account to show that any parts of it were true and thus reduce its damaging effect to the remaining parts alleged to be false (see Lee v City of Rochester, 174 Misc 2d at 778 n 1, 788; Guccione v Hustler Mag., Inc., 800 F2d at 303-304). Therefore the court may not conclude, as a matter of law, that plaintiff’s reputation is insusceptible of further damage from implicating him in these further serious crimes (see Jones v Plaza Hotel, 249 AD2d 31 [1998]; Guccione v Hustler Mag., Inc., 800 F3d at 303-304).
*240 V. Conclusion
For the reasons delineated above, the court grants the motion of defendants Daily News L.P., John Doe 1, John Doe 2, John Doe 3, John Doe 4, Fisher, Connor, and Jacobs, based on documentary evidence, to the extent of dismissing so much of plaintiff’s second claim as relates to reports of his convictions, but otherwise denies the motion (CPLR 3211 [a] [1], [7]). The court denies plaintiff’s motion to compel disclosure of the identity of defendants John Doe 1, John Doe 2, John Doe 3, John Doe 4, and Jane Doe (CPLR 3124).