17-790-cv
*Mfon v. County of Dutchess, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand eighteen.

Present:
ROBERT A. KATZMANN,
*Chief Judge*,
AMALYA L. KEARSE,
ROSEMARY S. POOLER,
*Circuit Judges*.

_____

EMMANUEL MFON,

    *Plaintiff-Appellant*,

       v.                          No. 17-790-cv

COUNTY OF DUTCHESS, DUTCHESS COUNTY SHERIFF'S DEPARTMENT,

    *Defendants-Appellees*.

_____

For Plaintiff-Appellant:                BRIAN J. ISAAC, Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY.

Rebecca Greenberg, The Greenberg Law Firm, Purchase, NY.

For Defendants-Appellees:  DAVID L. POSNER, McCabe & Mack, LLP, Poughkeepsie, NY.

Appeal from the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Emmanuel Mfon appeals the decision of the United States District Court for the Southern District of New York (Karas, *J.*) granting summary judgment to defendants-appellees County of Dutchess and Dutchess County Sheriff's Department and striking Mfon's supplemental expert affidavit. Mfon claims that defendants are responsible for injuries he sustained when he was struck by a driver who was fleeing from police officers. We assume the parties' familiarity with the facts and procedural history of this case, as well as the issues on appeal. "We review a district court's grant of summary judgment de novo, 'resolving all ambiguities and drawing all reasonable factual inferences in favor of the party against whom summary judgment is sought.'" *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113 (2d Cir. 2017) (alterations omitted) (quoting *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (per curiam)). We review the exclusion of a supplemental expert report for abuse of discretion. *See Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006).

Mfon first argues that the district court erred in holding that police officers employed by the defendants were, as a matter of law, not reckless in their pursuit of the fleeing driver. Under New York law, the driver of an authorized emergency vehicle is exempted from certain traffic

2

laws during "an emergency operation," but is not "protected . . . from the consequences of his reckless disregard for the safety of others." N.Y. Veh. & Traf. Law § 1104(a), (e). Under this statute, "a police officer's conduct in pursuing a suspected lawbreaker may not form the basis of civil liability to an injured bystander unless the officer acted in reckless disregard for the safety of others." *Saarinen v. Kerr*, 84 N.Y.2d 494, 501 (1994). This standard "requires evidence that 'the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' and has done so with conscious indifference to the outcome." *Id.* (quoting W. Page Keeton et al., Prosser & Keeton on Torts § 34 (5th ed. 1984)).

The evidence, with all factual ambiguities resolved in Mfon's favor, shows Jonathan Besze fled from one or more police officers for approximately nine miles over a ten-minute period, for an average speed of 54 miles per hour. *Mfon v. County of Dutchess*, No. 14-cv-6922 (KMK), 2017 WL 946303, *1 (S.D.N.Y. Mar. 9, 2017). The chase took place after midnight, in clear weather, and on dry roads. *Id.* During the chase, Besze illegally passed other vehicles, ran five red lights, and, on one occasion, drove the wrong way around a traffic circle. A passenger in Besze's car submitted an affidavit stating that he feared for his life. The drivers encountered between 12 and 20 other cars on the road. The police officers testified, and no witness disagreed, that the drivers encountered no pedestrians. The chase ended when Besze struck Mfon's car, causing him to sustain a cerebral concussion and traumatic brain injury. *Id.* at *2.

We agree with the district court that no reasonable jury could conclude that the police officers were reckless, as the New York courts have defined that term, in their pursuit of Besze. *See Saarinen*, 84 N.Y.2d at 503 ("Officer McGown's maximum speed of 60 m.p.h. was hardly a

3

'breakneck' pace for a police pursuit on relatively empty, nonresidential streets."); *see also, e.g.*, *Rodriguez v. City of New York*, 105 A.D.3d 623, 624–25 (1st Dep't 2013) (immunizing police officers who "pursu[ed] [a fleeing driver] on icy and slippery roadways" through two red lights); *Gonzalez v. Zavala*, 88 A.D.3d 946, 947–48 (2d Dep't 2011) (immunizing a police officer who pursued a fleeing driver for two miles at speeds up to 70 miles per hour, where the driver ran nine red lights and swerved through traffic). Although Mfon's injuries are unfortunate, they were caused not by police recklessness, but by Besze's unlawful attempts to evade the authorities.

Mfon resists this conclusion by pointing to evidence purportedly showing that traffic conditions on the chase route were busier than recounted above, such as a traffic camera video of the intersection where the collision occurred and a video of a driver retracing the chase route two years later. At best, this evidence only creates "some metaphysical doubt" about traffic conditions on the night of the chase and is insufficient to survive summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Mfon also stresses that the chase was unusually long and that the officers failed to keep a supervisor fully apprised of the facts of chase, but these factors do not raise a triable issue of fact on recklessness where the chase took place late at night over dry, quiet streets and at moderate speeds.[1]

---

[1] Contrary to Mfon's argument, his retrograde amnesia does not entitle him to a reduced burden of proof on his personal injury claim. *See Noseworthy v. City of New York*, 298 N.Y. 76, 80 (1948) ("[I]n a death case such as this, the plaintiff is not held to the high degree of proof required in a case where the injured person may take the stand and give his version of the happening of the accident." (internal quotation marks omitted)). We will assume *arguendo* that this common-law rule applies to the question of whether defendants are entitled to a limited statutory immunity. Mfon nevertheless falls outside the rule because he was not a witness to the car chase and cannot be expected to have any evidence about whether the pursuit was reckless. In other words, with or without amnesia, Mfon could not "describe the occurrence that produced his injury." *Schechter v. Klanfer*, 28 N.Y.2d 228, 232 (1971) (internal quotation marks omitted).

Mfon next argues that the district court abused its discretion in excluding a supplemental expert affidavit for exceeding the scope of the initial expert report, which itself suffered from a number of technical errors. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless."). "In determining whether the district court acted within its discretion, this Court considers (1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson*, 440 F.3d at 117 (internal quotation marks and alterations omitted).

The excluded affidavit was more detailed than the initial report, including in its reliance on the "red mist" theory and in its criticism of the officers' failure to tell a supervisor that Besze may have been intoxicated. As the district court pointed out, Mfon made "no attempt to amend the [initial expert report], justify or assert the harmlessness of the omissions [from the initial report], or even address Defendants' arguments regarding the failure to comply with Rule 26." *Mfon*, 2017 WL 946303, at *5. Mfon does little better on appeal, where he relies mainly on district court decisions resolving Rule 37 questions in the first instance. *See, e.g.*, *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co.*, 769 F. Supp. 2d 269, 279 (S.D.N.Y. 2011). Although these decisions suggest that another district court might have allowed the affidavit, they tell us little about whether the district court was permitted to exclude it. Weighing the *Patterson* factors, we cannot conclude that excluding the affidavit was an abuse of discretion.

5

We have considered all of the parties' remaining arguments and have found in them no basis for reversal. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK