L.Y.E. Diamonds, Ltd. v Gemological Inst. of Am., Inc. (2019 NY Slip Op 01360)





L.Y.E. Diamonds, Ltd. v Gemological Inst. of Am., Inc.


2019 NY Slip Op 01360


Decided on February 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2019

Sweeny, J.P., Manzanet-Daniels, Webber, Oing, Singh, JJ.


151771/16 8513 8512

[*1]L.Y.E. Diamonds, Ltd., et al., Plaintiffs-Appellants,
v
Gemological Institute of America, Inc., et al., Defendants-Respondents, Rapaport USA, Inc., et al., Defendants.


Miller, Leiby & Associates, P.C., New York (Jeffrey R. Miller of counsel), for appellants.
DLA Piper LLP (US), New York (Andrew L. Deutsch of counsel), for respondents.



Judgment, Supreme Court, New York County (Barry R. Ostrager, J.), entered December 22, 2017, dismissing the amended complaint as against defendants Gemological Institute of America, Inc. (GIA) and Thomas Moses, unanimously affirmed, with costs. Appeals from ruling, same court and Justice, rendered December 6, 2017, which granted GIA and Moses's motion to dismiss all causes of action as against them except the alleging defamation and trade libel causes of action, and order, same court and Justice, entered on or about December 7, 2017, which granted GIA and Moses's motion to dismiss the defamation and trade libel causes of action as against them, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The motion court correctly dismissed, pursuant to CPLR 3211(a)(1), the defamation and trade libel causes of action on the ground that the statements at issue were protected by a qualified privilege (see Baines v Daily News, L.P., 51 Misc 3d 229 [Sup Ct, NY County 2015] [defamation complaint may be dismissed pursuant to CPLR 3211(a)(1) on documentary evidence establishing privilege defense as matter of law]; see also Rodriguez v Daily News, L.P., 142 AD3d 1062 [2d Dept 2016], lv denied 28 NY3d 913 [2017]; Saleh v New York Post, 78 AD3d 1149 [2d Dept 2010], lv denied 16 NY3d 714 [2011]; compare Fletcher v Dakota, Inc., 99 AD3d 43, 55-56 [1st Dept 2012] ["we would not give conclusive effect to defendants' position of qualified privilege before any affirmative defense to that effect was raised in a responsive pleading"] [internal quotation marks omitted]; but see Matter of Abbitt v Carube, 159 AD3d 408, 410 [1st Dept 2018] [granting motion to dismiss libel claim on pleadings because petitioner's allegation of malice was "conclusory and therefore insufficient to overcome the privilege"]).
GIA and Moses produced client agreements that conclusively demonstrate that they made the challenged statements "in the discharge of some public or private duty, legal or moral, or in the conduct of [their] own affairs, in a matter where [their] interest [was] concerned" (Rosenberg v MetLife, Inc., 8 NY3d 359, 365 [2007]). In the agreements, plaintiffs acknowledged GIA's stated duty to serve the public and to maintain its trust in the diamond trade, acknowledged that the duty could be executed by, among other things, public disclosure of information about the diamonds that GIA inspected, including GIA's reasonable suspicions about the quality of the diamonds, and further acknowledged that GIA could make such public disclosures at its discretion and without their prior authorization.
Plaintiffs question the reliability of the client agreements, given the different versions in the record. As they point out, the most comprehensive presentation of the contracts signed by them was made on reply (via an affidavit by GIA associate corporate counsel Christina Yates). [*2]However, the signature pages and the terms and conditions of the various agreements were also annexed to defendants' moving papers. Plaintiffs did not annex a competing version to their opposition and, even on appeal, do not directly assert that they would have done so (see Burlington Ins. Co. v Guma Constr. Corp., 66 AD3d 622, 624 [2d Dept 2009]). Moreover, the Yates affidavit and exhibits were offered in direct response to plaintiffs' opposition (see Home Ins. Co. v Leprino Foods Co., 7 AD3d 471 [1st Dept 2004]).
Plaintiffs argue that, even where a qualified privilege has been conclusively established, a plaintiff should have an opportunity to show common-law or constitutional malice to defeat it (see e.g. Foster v Churchill, 87 NY2d 744, 751-752 [1996]; Hoesten v Best, 34 AD3d 143, 158 [1st Dept 2006]). They raise the reasonable concern that holding the plaintiff to the allegations in the complaint, where the defendant has established the affirmative defense on a pre-answer motion to dismiss, deprives the plaintiff of an adequate opportunity to defeat the affirmative defense (see Wilcox v Newark Val. Cent. School Dist., 74 AD3d 1558, 1562 [3d Dept 2010]). However, holding these particular plaintiffs to the allegations in their amended complaint does not present the risk of unfair surprise (see CPLR 3018[b]). As a result of motion practice on the original complaint, plaintiffs were aware of defendants' qualified privilege arguments. Yet, rather than amending the complaint to allege facts that would establish malice, they continued to assert only the most conclusory allegations of malice. Plaintiffs rely on Whelehan v Yazback (84 AD2d 673 [4th Dept 1981]). However, this Court has determined that conclusory allegations do not suffice (see O'Neill v New York Univ., 97 AD3d 199, 212-213 [1st Dept 2012]).
Nor do the arbitration proceedings buttress the malice allegations, as those proceedings post-date the statements at issue and shed no light on whether defendants made the statements with the requisite disregard for the truth. In any event, plaintiffs acknowledge that the arbitration resulted in a monetary award against them.
Plaintiffs failed to show that the court applied an incorrect standard in determining the motion to dismiss the amended complaint. Their argument consists of conclusory statements without supporting facts, such as the assertion that it was "entirely possible" that defendants sought to defame them with malice. Nor do these conclusory statements suffice to justify further discovery.
Plaintiffs' remaining causes of action, with the exception of tortious interference with contract, were correctly dismissed as duplicative of the failed defamation and trade libel claims. The tortious interference claim was correctly dismissed, because its conclusory allegations fail to state a cause of action (see M.J. & K. Co. v Matthew Bender & Co., 220 AD2d 488, 490 [2d Dept 1995]).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 26, 2019
CLERK